PEOPLE v. ACARDO et al.

(Supreme Court, Appellate Division, First Department.    November 4, 1910.)

1. CRIMINAL LAW (§ 656*)—MISCONDUCT OF TRIAL JUDGE—INTIMATING OPINION OF GUILT.

The justice's interruption of the examination of witnesses in a larceny trial to ask questions discrediting the defense was reversible misconduct; e. g., when a witness stated that accused was going to engage in business, the justice asked: "What was the business? Buying stolen horses?"

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1524–1533; Dec. Dig. § 656.*]

2. CRIMINAL LAW (§ 656*)—EXAMINATION OF WITNESSES—INTERRUPTION BY COURT.

Generally trial justices should not interrupt examination of witnesses, unless to elicit relevant facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1524–1533; Dec. Dig. § 656.*]

Appeal from Court of General Sessions, New York County.

Salvatore Acardo, impleaded with Giovanni Gangi, was convicted of larceny, and he appeals. Reversed, and new trial granted.

See, also, 123 N. Y. Supp. 1133.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Charles Le Barbier, for appellant.

Robert S. Johnstone, for the People.

MILLER, J. The defendant was convicted of stealing a horse and wagon. The wagon, freshly painted, was found in his possession two days after the theft. His defense was that he bought the wagon from one Bacchi. We should have no hesitation in affirming the judgment, were it not for what we consider improper conduct on the part of the trial justice.

The court frequently throughout the trial interrupted the examination of witnesses to ask questions, apparently for the sole purpose of disparaging the defendant and his witnesses and discrediting the defense. One example will suffice. A witness for the defendant had stated that he (the witness) knew that the defendant was going to be engaged in business, whereupon the court interrupted with the question: "Q. What was the business? Buying stolen horses?" That question, and numerous others having a similar tendency, show that the case was prejudged by the court, and in all likelihood the verdict of the jury but reflected that prejudgment. The defendant was entitled to have the question of his guilt passed upon by the jury; but they were not likely to give that question much independent consideration, after having been told by all sorts of suggestive questions that, in the opinion of the court, the defendant was a horse thief, and his defense a manufactured one.

As a general rule, it is better to allow counsel to examine witnesses without interruption, though at times, in the interest of truth and justice, the court may need to interrupt for the purpose of eliciting some

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

relevant facts.  But the interruptions disclosed by this record could have had no such purpose, and they were so highly prejudicial as to take from the trial even the semblance of judicial inquiry.  The Court of Appeals has frequently admonished prosecuting officers with respect to unfair conduct on their part in the trial of cases.  Such conduct on the part of the trial judge does incalculably more harm, because it carries weight with the jury, who might, perhaps, pay no heed to improper remarks of counsel.

We regret the necessity of reversing this judgment, but feel that the ·due administration of justice requires a reversal, to the end that the defendant may have what the law accords him, a fair and impartial trial.

The judgment and order should be reversed, and a new trial granted.  All concur.