### PEOPLE v. HEINEMAN.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. HOMICIDE (§ 244*)—EVIDENCE—SUFFICIENCY—SELF-DEFENSE.

In a prosecution for manslaughter, where the defense was self-defense, evidence *held* sufficient to show that the defendant could have escaped without danger to himself, and therefore to justify a conviction.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 507–509; Dec. Dig. § 244.*]

2. CRIMINAL LAW (§ 655*)—CONDUCT OF TRIAL—REMARKS OF JUDGE.

In a prosecution for manslaughter, where the court, after counsel for the defense had summed up to the jury, asked him to repeat his motion for a directed verdict and again overruled the motion, making certain remarks as to the distinction between murder and manslaughter, such remarks, while improper at that time, are not reversible error, being addressed only to a question of law, where the jury is properly instructed that they are the sole judges of the facts, since the jury could not have construed the remarks as an instruction to them.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1520–1523, 1527, 1535; Dec. Dig. § 655.*]

Appeal from Court of General Sessions, New York County.

William Heineman was convicted of manslaughter in the first degree, and he appeals. Affirmed.

See, also, 142 N. Y. Supp. 1135.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

Max D. Steuer, of New York City, for appellant.

Robert C. Taylor, Asst. Dist. Atty., of New York City, for the People.

INGRAHAM, P. J. The defendant was indicted for manslaughter in the first degree, was convicted, and appeals from the judgment. The homicide was admitted, and the defense was self-defense.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The deceased was 17 and defendant was 34 years old. The deceased and defendant met on 145th street between Sixth and Seventh avenues. They had a scuffle, during which both fell to the ground. They were separated by some young man who had been with the deceased. One of these named O'Brien had helped the deceased up, held him against a stoop and said to defendant, "For God's sake, will you leave," or, "Will you go away and stop this." Defendant, however, did not leave, but stood still with a pistol in his hand. The deceased and O'Brien then had a struggle, when deceased got away from O'Brien, and defendant shot him. It would seem that when the shot was fired the deceased and the defendant were about eight feet apart, but neither before nor after the struggle did defendant make the slightest effort to escape. He was armed, but deceased was not.

If the evidence of the people is believed—and the jury did believe it—the defendant could have escaped without danger to himself and the jury were justified in refusing to accept his defense, and the verdict is therefore justified by the evidence. The appeal, however, is not based upon the innocence of the defendant, and there was no exception taken on the trial which presents legal error, which would justify a reversal of the judgment; but the defendant claims that he is entitled to a new trial because of the attitude of the trial judge, which, it is claimed, "was expressive of strong suspicion and disbelief of the veracity of the defendant and of the witnesses in his behalf, and of the truth of the defense." This is claimed to be shown by the question put by the court, and discussion between the court and counsel for the defendant in disposing of objections taken and motions made by defendant.

[2] The most serious question is presented by some remarks of the court to counsel for the defendant after a motion had been made and denied to take the case from the jury, and after the defendant had summed up to the jury. The court was about to take a recess and asked counsel for defendant about the motion he had made and which the court had denied. There seems to have been no objection to this discussion. Counsel for defendant did not object to restating his claim to the court, but again restated it, and the court again gave his reason for denying the motion. After this was completed the defendant excepted to a discussion at the time, in the nature of a lecture to defendant's counsel, upon a motion which had been disposed of, and then asked to withdraw a juror and take the case away from the jury, which motion was denied. There was no request to direct the jury to disregard the observations of the trial judge, and there was nothing in the observations made that had any relation to the issue which the jury had to determine. It was a useless and irrelevant statement of the judge to counsel, to correct counsel in what the judge thought was his erroneous view of the law. It was not a proper time or place to instruct counsel, and if the court had at that time made any statement which related to the issues of fact that the jury had to decide, or which could have affected the verdict, a serious question would be presented. There would have been

no impropriety if the judge had made these remarks to counsel on denying his motion to direct an acquittal; and, although we think them improper at the time, they were not addressed to the jury and could not have been understood as instructions to them. At most, they indicated the view of the court on the question of law, with which the jury had nothing to do. The defense was self-defense. That subject was not discussed. What the court said related to a case in which the question was between murder and manslaughter and, in the course of the discussion, stated that if a homicide had been committed, not justifiable or excusable, the absence of passion would make the crime one of the degrees of murder, and not man-slaughter. In the charge to the jury, the court was careful to impress upon them that the facts were for them to determine. He cited the definition of justifiable homicide from the Penal Law, and correctly stated the law as to the defense; and then, at the request of the defendant, charged the jury that they were the sole and exclusive judges of the facts and that the jury must not be influenced in the slightest degree by the opinion of the court as to facts.

The counsel for defendant also asks for a reversal of the judgment because of the "attitude of the trial judge throughout the case"; the result being to deprive the defendant of a fair trial. We adhere to what we said in People v. Acardo, 140 App. Div. 929, 125 N. Y. Supp. 502, and we cannot approve of the attitude of the court upon which this objection of the defendant is based. A careful examination of the record and the charge by which the case was submitted to the jury satisfies us that the defendant had a fair trial before an impartial jury, and that the evidence justified the conviction, and we would not, therefore, be justified in reversing the judgment. There are objections taken by the defendant to the charge, but I think there was no error.

I therefore advise the affirmance of this judgment. All concur.