### PEOPLE v. FRIEDMAN.

(Supreme Court, Special Term, Kings County. May 12, 1915.)

CRIMINAL LAW ☞1073—TRIAL—CONDUCT OF PRESIDING JUDGE—CERTIFICATE OF REASONABLE DOUBT.

The action of a trial judge in interrupting the cross-examination of accused and himself cross-examining him at a considerable length in an effort to show that he was testifying falsely, or that his story lacked probability, was such misconduct as to justify granting, on motion after conviction, a certificate of reasonable doubt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. ☞1073.]

Leo Friedman was convicted of petit larceny. On motion for certificate of reasonable doubt. Granted.

M. Milton Gewertz, of Brooklyn, for the motion.

James C. Cropsey, Dist. Atty., and Harry G. Anderson, Asst. Dist. Atty., both of Brooklyn, opposed.

BENEDICT, J. The defendant was convicted in the County Court of Kings County of the crime of petit larceny, after a trial upon an indictment which in the first count charged him with the crime of grand larceny, and in the second count with the crime of criminally receiving stolen property. The trial judge submitted to the jury the question of his guilt on both counts, after reducing the grade of crime in the first count to petit larceny; and it was upon this charge alone

that the jury found him guilty, accompanied by a recommendation to clemency. He now moves for a certificate of reasonable doubt, specifying various grounds for the application.

The only question of doubt which will be considered upon this motion arises upon the action of the judge presiding at the trial. He apparently—and perhaps justly—became, during the progress of the trial, convinced that the defendant, who was testifying on his own behalf, was guilty of the crime charged against him and was testifying falsely; and so, after the district attorney had cross-examined him at great length, the judge interrupted the cross-examination and took it upon himself to cross-examine the defendant further for nearly 12 pages of the record in an apparent endeavor to bring out clearly the fact that the defendant was testifying falsely, or at least that the story which he told lacked probability. This practice on the part of a judge presiding in a criminal trial has been commented on adversely in several cases. See People v. Acardo, 140 App. Div. 929, 125 N. Y. Supp. 502; Bolte v. Third Ave. R. R., 38 App. Div. 234, 56 N. Y. Supp. 1038; also note in 6 Ann. Cas. 477. The worst criminal has, under our Anglo-Saxon system of criminal jurisprudence, the right to a fair and impartial trial by unprejudiced triers, and he cannot have such a trial if the judge presiding does not hold the scales of justice at a true balance, nor if he abdicates his high function as judge and becomes the prosecutor as well. An atmosphere of prejudice is thereby created, against which almost no jury is proof, and no such atmosphere should surround a legal trial. The judge has a duty to discharge, not alone to the people, but to the defendant as well. His duty is not to secure a conviction, but to assure both people and defendant that justice is being rightly administered. As Justice Miller well observed in the Acardo Case:

"As a general rule, it is better to allow counsel to examine witnesses without interruption, though at times, in the interest of truth and justice, the court may need to interrupt for the purpose of eliciting some relevant facts. But the interruptions disclosed by this record could have had no such purpose, and they were so highly prejudicial as to take from the trial even the semblance of judicial inquiry. The Court of Appeals has frequently admonished prosecuting officers with respect to unfair conduct on their part in the trial of cases. Such conduct on the part of the trial judge does incalculably more harm, because it carries weight with the jury, who might, perhaps, pay no heed to improper remarks of counsel."

In this case it may be that the defendant was guilty of the crime charged, although the record does not disclose a strong case against him on the question of identification by the witness Henrietta McGurk; but, for the reason stated, I am of opinion that a certificate of reasonable doubt should be granted by this court.

Motion granted. Bail fixed at $750.