## No. 15,670.

### WOLF ET AL. *v.* THE PEOPLE.
(187 P. [2d] 928)

Decided November 24, 1947. Rehearing denied December 15, 1947.

Mr. PHILIP HORNBEIN, Mr. DONALD M. SCHERE, Mr. F. E. DICKERSON, Mr. WILLIAM F. DWYER, Mr. ANTHONY F. ZARLENGO, for plaintiffs in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as defendants or by name. They were charged by information with conspiracy to commit an abortion. The woman involved was one Agnes Vera Bashor. On verdicts of guilty as to all, Wolf and Fulton each received a sentence of fifteen months to five years in the penitentiary and Betty Fulton a sentence of one to two years. To review judgments entered accordingly they prosecute this writ. Their numerous assignments are somewhat complicated and largely repetitious. Those requiring any notice may, however, be properly classified approximately as they have been by the people in the brief of the Attorney General, i.e., 1. The verdict is unsupported by the evidence; 2. Erroneous admission of evidence; 3. Limitation of cross-examination; 4. Admitting evidence of similar offenses; 5. Overruling motions for sep-

arate trials; 6. Erroneous instructions; 7. Misconduct by the district attorney.

This is practically a companion case to *Wolf v. People,* 117 Colo. 279 187 P. (2d) 926, decided by this court November 3, 1947, in that the principal question there considered is the principal one here. That case was tried December 4, 1944 before district judge Black and this, February 25, 1945 before district judge Cook. Wolf is a plaintiff in error in each and the Fultons stand in this case in the position of Montgomery in the other. Save for Mr. Zarlengo, who did not appear in *Wolf v. People, supra,* counsel in the cases were the same and they were argued together here. Exhibits A and C in the former case are Exhibits D and E here.

■ 1. Assuming that the other alleged errors are without merit, the evidence of the guilt of these defendants was overwhelming and what we said in the former case as to the plan of the conspiracy and the part each played in it is equally true here. Betty Fulton was the wife of Charles H. Fulton and assisted him in his work at his home. It should be added that no defendant in the instant case took the stand and no evidence was offered in their behalf.

■ 2. This point relates to the admission of Exhibits D and E. The disposition of the question of their admissibility was disposed of in *Wolf v. People, supra,* and is disposed of here in the same way and on the same authority and the opinion in that case must be read in connection herewith.

■ 3. This point relates to an attempt to cross-examine the witness Bashor on an immaterial matter for the purpose of impeachment. Nothing more need be said about it.

■ 4. The "similar offenses" of which evidence was admitted related entirely to the plan or scheme followed by defendants in the present case and was definitely limited to that purpose by the court's instruction.

■ 5. A motion for separate trials was filed jointly by Charles and Betty Fulton. It was not pressed by the latter on the trial. The action of the defendants in respect to the offense charged was so interwoven and their plan to work together so palpable and definitely disclosed by the evidence as to clearly support the ruling of the court.

■ 6. Defendants tendered their instructions numbered 6, 8, 10 and 13. Numbers 6, 8 and 13 are based upon the theory that Wolf could not be convicted if he merely examined the patient to determine the question of pregnancy, or simply treated her after an abortion had been performed. Those instructions were properly refused because there was no evidence to support them. Instruction No. 10 attempts to apply the rule of reasonable doubt specifically to Betty Fulton. Counsel's reliance therefor is based upon the case of *Payne v. People,* 110 Colo. 236, 132 P. (2d) 441. The ruling in that case rested specifically upon evidence given by the plaintiff in error. This defendant did not testify and the record is entirely devoid of evidence to support such an instruction. Its substance was correctly stated in instructions given.

■ 7. This assignment rests upon the contention that the district attorney in his closing argument commented upon the fact that defendants did not take the stand. It rests entirely upon counsel's construction of what was said. It appears that what was said was prompted by the argument of counsel for the defendants to the effect that those upon whom the alleged offense was committed were the real criminals and not being prosecuted, that it would be unjust to "permit these and other criminals, the real criminals, to roam the streets" and challenged the district attorney to explain to the jury in his address why Agnes Vera Bashor had not been charged with a criminal offense and why the witnesses called for the people were allowed to walk out of the courtroom without any charge being filed against them. The rec-

ord contains a counter showing to this but enough is disclosed to make it perfectly evident to the court that the language of the district attorney here objected to was prompted by some similar incident. It further appears that the district attorney did little more than mention the fact of the court's instruction concerning the failure of defendants to take the stand and discloses not the slightest attempt to use that failure against defendants. These arguments are omitted from the record.

"In ordinary circumstances a judgment will not be reversed for improper argument where all arguments are not in the record so that it can be ascertained whether the parts questioned were provoked or made in response to arguments of opposing counsel." *Pietch v. United States*, 110 F. (2d) 817, 823; *Fries v. People*, 80 Colo. 430, 252 Pac. 341.

It is clear that these defendants had a fair trial and that the record discloses no prejudicial error.

The judgment is accordingly affirmed.

MR. JUSTICE HILLIARD dissents.