No. 17,344.

BAUMAN *v.* THE PEOPLE.
(274 P. [2d] 591)

Decided October 4, 1954.

Mr. JOHN M. SANDOR, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the People.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the Court.

ROY BAUMAN was charged with the crime of rape, and, upon arraignment, his sole plea was, "Not guilty by reason of insanity at the time of the alleged commission of the crime and since." Upon trial on this plea by the jury it found him to be sane, and, after the overruling of his motion for a new trial, he was sentenced to serve a term in the penitentiary.

The motion for a new trial was based on only two alleged errors committed by the trial court, and these are: 1. A statement of the District Attorney was prejudicial to defendant; and 2, the admission in evidence of a doctor's testimony. We will discuss these in the order mentioned.

1. The record discloses that an objection was made and sustained to a statement made by the District Attorney in his argument to the jury, and that the trial court then instructed the jury to disregard the statement so made. It is presumed that the jury followed the court's instruction.

2. Mr. Kettelkamp was the District Attorney who prosecuted the case, and Mr. Stewart was one of defendant's counsel. During the direct examination of a psychiatrist called by the People, the following occurred:

"Q. Were you at the staff meeting, Doctor? A. Yes, I presented the case at staff for consideration of everyone. Q. How many doctors sat on the staff? A. Well, it is a little hard to say just who were there. Q. Approximately. A. I have—I don't know. I don't think I can answer. Q. Well, you can give us an approximation."

"Mr. Stewart: If the Court please, we object to that."

"The Court: If he doesn't know, it doesn't make any difference. * * * I think the objection is good. He finds it pretty hard to say who was there. Q. (By Mr. Kettelkamp) Are there more than five doctors? A. Yes. Q. Were you the doctor who presented this man's case history? A. I am. Q. What was the result of the staff meeting? A. *It was the staff decision that he was legally sane.*

*        *        *

"Mr. Stewart: I move to strike that last as hearsay evidence, not proper evidence about the staff.

"The Court: You say it is hearsay evidence when he was there?

"Mr. Stewart: Yes, it is what somebody else did.

"The Court: Objection overruled.

"Mr. Stewart: All right. Note an exception." (Italics ours)

■ The Attorney General frankly admits that it is impossible for him to distinguish this case from that of *Carter v. People,* 119 Colo. 342, 204 P. (2d) 147, wherein our Court held that the admission of testimony, practically identical with that admitted in the instant case, was reversible error. Upon authority of our decision in that case, we hold that the judgment herein must be reversed.

■ We note from the record that after the trial of defendant on the insanity plea he became dissatisfied with the services of the attorneys who were retained by his relatives, and they were permitted to withdraw. The attorney who then appeared for defendant requested, among other things, that defendant be permitted to add to his plea one of "not guilty," which request was denied. The attorney representing defendant had nothing to do with the trial of the case in the district court, his first appearance being in this Court. In view of the peculiar circumstances evidenced by this record and the seriousness of the charge, we suggest that, on a retrial, defendant be permitted to enter the additional plea of "not guilty" and that a trial be had thereon.

The admission of the evidence hereinbefore quoted

under the second ground of the motion for new trial was prejudicial error; accordingly, the judgment is reversed and the case remanded to the district court for further proceedings in harmony with the views herein expressed.

MR. JUSTICE HOLLAND and MR. JUSTICE BRADFIELD concur in the result.

MR. JUSTICE HOLLAND concurring in part and dissenting in part.

I concur in that part of the majority opinion reversing the case on the error of admission of hearsay testimony, and further concur in the suggestion contained therein that the defendant on retrial be permitted to make the additional plea of "not guilty" and a trial thereon be had.

I dissent as to the other assigned error treated in the majority opinion concerning the prejudicial remarks of the District Attorney in the closing argument to the jury. I will herein treat this subject later.

The majority opinion correctly states that the motion for a new trial was based on only two alleged errors, consequently the case is thus disposed of, presumably on the theory that we treat only questions that have been presented in a motion for new trial. It is my opinion, not shared by some of my brethren, that the question of the constitutionality of the so-called insanity statutes is here presented, and for the guidance of the bench and bar, this question should now be determined.

While it is true the motion for new trial, which was overruled, presented the two questions considered by the majority opinion, the record discloses that prior to sentence and judgment, special appearance was made for the presentation of a motion particularly directed to the unconstitutionality of the statute under which the court was about to take evidence and sentence the defendant. It is to be noted that this question entered the record before sentence and was squarely before the trial court for its consideration, and the denial of this motion,

in my opinion, was error; however, the trial court had the opportunity to consider the question and the error now claimed to the denial of this motion is presented to our Court.

That my views may more easily be understood, I consider it necessary to enlarge upon the statement of the case as made in the majority opinion.

Bauman, referred to as defendant, was informed against for statutory rape on March 23, 1953. Relatives procured counsel and it was decided between them and counsel that bail would not be posted, because, in their belief, defendant was insane and dangerous, and thereupon, when he was arraigned, a plea of not guilty by reason of insanity at the time of the commission of the act and since was entered. This was the sole plea. It is said this procedure took place without defendant's knowledge or understanding that such a plea was an admission of guilt of the crime charged, and that defendant was under the impression at all times that if upon the sanity hearing he was found to be sane, he would then be tried upon the crime charged.

Following the entry of the plea, the court committed him to the state hospital at Pueblo, and the authorities there returned a finding that he was sane. Counsel for defendant immediately petitioned for a further examination and he was committed to the Denver Psychopathic Hospital for observation and the examining staff there returned a finding that he was insane. Thereupon the case was set for trial upon a plea of insanity before a jury, which returned its verdict in which defendant was found to be sane at the time of the commission of the offense. Motion for new trial was filed and overruled, and the cause was continued to November 9, 1953, for the purpose of taking evidence prior to sentence. On that date, another attorney entered his appearance for the limited purpose of making the following oral motions, namely:

Leave to withdraw the original plea of "not guilty by

reason of insanity at the time of the alleged commission of the crime" and to plead "not guilty" and "not guilty by reason of insanity at the time of the alleged commission of the crime," which was denied.

To set aside the verdict because no plea of guilty to the crime charged had been entered, and defendant had a right by trial by jury on the merits.

Further, that defendant should have been tried on the question of insanity with reference to the particular act charged, which was not done. (This motion was overruled.)

That defendant challenged the verdict and the right to pass sentence thereupon on the ground that the statute under which defendant was tried as to his sanity is unconstitutional and in violation of the due process clause of the state Constitution and the constitutional provision with regard to the right to trial by jury. (This was overruled.)

And finally, defendant moved to set aside the verdict because he was not represented by counsel of his own choosing. (This motion was denied.)

Thereupon the court heard the testimony of the complaining witness and after overruling defendant's motion to strike her testimony, sentenced defendant to serve a term of not less than five, nor more than eight years in the state penitentiary.

A review of the proceedings is sought by this writ of error upon the following contentions, which are, in substance:

1. Improper remarks by the District Attorney in his closing argument.

2. Hearsay statements by doctors reporting from the State Hospital.

3. That Section 507, chapter 48 as amended in S.L. '51, is unconstitutional because where, under the facts, the defendant is not apprised or does not know that his failure to plead "not guilty" along with a plea of "not guilty by reason of insanity" is an admission of crime

and therefore a trial should have been granted on the issue of guilt after the verdict.

4. Section 509 is unconstitutional in that the plea of insanity is inherently a part of the plea of "not guilty" and the law which requires a person to go to trial with a statutory presumption of sanity deprives the accused of his constitutional rights under the Federal and State Constitution.

5. Section 510 is unconstitutional for the same reasons.

6. That the trial was conducted on the issue of general insanity and the issue of partial insanity recognized by section 507 was never determined. The trial should have been concerned with the specific act charged.

The following sections of chapter 48, '35 C.S.A. as amended by S.L. '51, here involved, are as follows:

Section 507: "If one of the defenses of the defendant is insanity, it must be pleaded at the same time with all other pleas, unless it is to be the sole plea to the charge. It must be pleaded orally, either by defendant or by his counsel, in the form 'not guilty by reason of insanity at the time of the alleged commission of the crime.' A defendant who does not plead not guilty by reason of insanity shall be conclusively presumed to have been sane at the time of the commission of the offense charged, provided that the court may for good cause shown allow a change of plea at any time before the commencement of trial. A defendant who pleads not guilty by reason of insanity, without also pleading not guilty, thereby admits the commission of the offense charged."

Section 509: "When a defendant pleads not guilty by reason of insanity at the time of the alleged commission of the crime, and joins with it another plea or pleas not involving insanity, including the plea of not guilty, he shall first be tried as if he had entered such other plea or pleas only, and on such trial he shall be conclusively presumed to have been sane at the time the alleged offense was committed.

"If the jury shall find the defendant guilty, or if the defendant pleads only not guilty by reason of insanity at the time of the alleged commission of the crime, then the question whether the defendant was sane or insane at the time the offense was committed shall be promptly tried, either before the same jury or before a new jury, in the discretion of the court."

Section 510 (1): "In such trial on the plea of not guilty by reason of insanity the jury shall return a verdict either that the defendant was sane at the time the offense was committed or that he was insane at the time the offense was committed. If the verdict is that the defendant was sane at the time the offense was committed, the judge shall sentence him as provided by law."

Section 510 (2): "If the verdict is that the defendant was insane at the time the offense was committed, the judge shall forthwith commit him to the state hospital at Pueblo, or to such other institution as may be. designated hereafter by law, there to be confined until given his discharge or a probationary release as hereinafter provided; and the judge shall order that a transcript of all evidence presented at such trial be attached to and become a part of the order of commitment of defendant."

The circumstance of the District Attorney's remarks to the jury which in and of itself, as presented, might not be sufficient for a reversal of the case; however, it was such error that the accumulative effect thereof added to other errors, no doubt had the effect of influencing the jury adversely to defendant. This circumstance appeared in the closing arguments of counsel for both sides. There is no reporter's transcript of the statements of counsel; however, a stipulation with reference thereto appears in the record and it is to the effect that counsel for defendant in his argument advised the jury that under no circumstances would defendant be turned loose, that if found insane, he would be admitted to the state hospital. The District Attorney then called the attention

of the jury to the fact that the doctors had stated that they considered defendant sane, and that he, Mr. Kettelkamp, did not want to see defendant walking the streets and stated that the doctors already considered him sane, and that they would immediately release him. Mr. Kettelkamp, the district attorney, seems to be uncertain as to the exact language; however, he admits that he made some statement that was in substance as herein set out, but the exact words were not agreed upon in the stipulation. The court advised the jury that they should disregard these statements of counsel as to the punishment to be given to defendant. It is never known whether such admonition by the court destroys impressions already made in the minds of jurors, and when human nature is considered, it is doubtful that such admonition has the desired effect, nevertheless, the District Attorney especially should know that it is improper to discuss the punishment in such cases with the jury. It is equally improper for counsel for defendant. It is contended here that since the door was opened by defendant's counsel, error did not obtain from the remarks of the district attorney. I think the time-worn expression, "two wrongs never make a right," is here applicable, for defendant was prejudiced by the remark of the District Attorney and error is the result, because the statement was based on hearsay evidence which was improperly admitted, hence the ruling announced in *Mitsunaga v. People,* 54 Colo. 102, 129 Pac. 241, is not controlling.

When fully summed up, defendant's chief complaint here is that he was denied the right to trial on the charge in the information, because the statute provides that inasmuch as he did not plead not guilty to the charge in the information that he, by his insanity plea alone, admitted the commission of the offense charged. The argument has strong appeal when it is taken into consideration along with the fact that at the termination of the insanity hearing, wherein defendant was found sane, the trial court then heard the full story of the complaining

witness as to the offense charged, and defendant's mouth was closed by the statute.

It is true the statutes do not deprive the pleading defendant of a jury trial if he so indicates by adding a plea of not guilty to the plea of not guilty by reason of insanity. However, I cannot accept it as being within the province of the legislature to say and make it binding upon the courts, that such a failure is an admission of guilt as to the crime charged; and I do not accept the result which is, in effect, that defendant is guilty and innocent of a specific charge at the same time. Under such a statute, the rights of a defendant, at the beginning, are not equal to those of the State. I am now pointing out some of the inconsistencies, irregularities and fatal weaknesses of the statute without particular detail at this stage of the dissenting opinion. I observe this most unusual situation in the statute which is contrary to every concept of criminal proceedings, that is, when a defendant has entered the additional plea of not guilty to that of his plea of not guilty by reason of insanity, he first must be tried as to his guilt or innocence of the crime charged and if convicted then the same jury is called upon to pass upon his innocence on account of his insanity. In the first instance, under the direction of the statute that defendant must first be tried on the charge in the information, the jury is confronted with the presumption that the defendant is sane, and before any conviction for any crime, such sanity must prevail in order that intent and other elements of the crime are present, and then the same jury, on the sanity trial, having in mind that the defendant before them is a sane person, must engage in unusual mental gymnastics in order to give defendant the full benefit and consideration of any evidence as to his sanity that may be presented. Coldly stated, the statute requires a conviction of a crime charged regardless. Furthermore, in the separate trial on the charge in the information, defendant is precluded from introducing any evidence as to insanity because, in

theory, that question is not in issue under the separate plea. Any criminal trial falls short of due process to the defendant if he be denied the right to present any defense that he may have, whether it be insanity, justification, or an alibi, or any other defense, reasonable or unreasonable; it is his right to have it heard.

It is difficult from a study of all the sections of the statute hereinabove set out to determine what the legislature really intended to achieve. It is apparent that our legislature followed the California statutes, which are almost identical, because I do not find statutes of similar or like import from any other state. It is true the California court has upheld the constitutionality of these statutes, which ordinarily is persuasive, but not necessarily controlling, since we are free to adopt our own views thereon. By section 507, the legislature makes the failure to plead "not guilty" as an additional plea to that of "not guilty by reason of insanity" a confession or admission of guilt of the crime charged. Section 508 is not of particular consequence in the result of this case; however, it is considered in connection with the other sections in the light of confusion and injustice that appears from the whole group of sections. And in passing, it is interesting to note that this section makes it mandatory on the trial judge to commit a defendant for observation before he can be tried on a plea of "not guilty" where both pleas were entered. Section 509 requires the trial on the issue of guilt first be held even though the results of the observation are to the effect that the defendant is insane. Section 510 requires the trial judge, upon a verdict of sanity upon his trial on that question, to sentence the defendant the same as though he had entered a plea of guilty. Does this mean that the trial judge then acts upon such testimony as may be tendered by the state on the question of guilt of the crime charged, and if so, what becomes of the verdict of guilt if he has first been tried according to the statute and found guilty of the charge in the information? Defendant is put upon trial

after the commitment period and he is presumed to be sane under section 509, and therefore the commitment before trial accomplishes no good purpose. Do these inconsistencies make for orderly procedure in criminal cases? The common-sense answer is, "No."

The California cases cited to uphold the constitutionality of similar statutes must be considered in the light of the factual situation in each of those cases. The leading cases are *People v. Hickman,* 204 Cal. 470, 268 Pac. 909, and *People v. Troche,* 206 Cal. 35, 273 Pac. 767. However, the real question here litigated is not there involved, because it appears in the case of *People v. Hickman, supra,* that the trial court assured itself that the defendant was well aware of the nature and effect of his voluntary action in standing upon the sole plea of "not guilty by reason of insanity." Here defendant insists that he never understood the full significance of the plea and it is to be remembered that he was committed to two psychopathic hospitals without outside communication and each returned a different finding. Considering the dire results that can obtain from the procedure under section 507, and the likelihood of denial of due process, I must say this section is unconstitutional, because it automatically determines the guilt or innocence, and the section further presupposes that an insane person is capable of confessing a crime. It further denies the benefit of the provisions of section 23, Article II of the Colorado Constitution in that in all criminal cases the final right to a trial by jury shall remain inviolate. Therefore I find that this section when considered in the light of the related sections, offends against sections 16, 23, and 25 of Article II of the Colorado Constitution. This section can in no event be held to be constitutional unless there is a clear indication that defendant knowingly and willingly acceded to the terms of the statute, and in doing so admitted his guilt or confessed the crime charged. The tenor of the California cases, supra, is to the general effect that these statutes are no more nor

less than a departure in the matter of procedure. I wholly fail to see that a statutory presumption as to sanity and confession have a binding force as to the guilt of any crime, is a procedural matter. Can it be said that a law which provides that certain facts are conclusive proof of guilt is constitutional? Can it be said that the simple act of pleading or not pleading a certain way makes that act prima facie evidence of the crime when it has no relation whatever to the crime itself? I do not believe that it is within the province of the legislature to so declare, and not within its province to create conclusive presumptions of guilt or by any means deprive the accused of the right to offer proof of his innocence or to give any particular effect to any presumption without violating the constitutional rights of the defendant and without encroaching upon judicial functions, and believing that in all events defendants in criminal cases are entitled to present their defense, if any they have, and desire to do so, unless, knowingly, such a right is expressly waived.

Upon the showing here made, the motion to withdraw the original plea of "not guilty by reason of insanity at the time of the commission of the crime" and be allowed to enter a plea of "not guilty" and "not guilty by reason of insanity at the time of the alleged commission of the crime" should have been granted. Since prejudicial error appears in this case amply sufficient to reverse and remand the case for another trial, one of these errors having been tacitly confessed by counsel for defendant in error, then if the trial court follows the views expressed herein and allows defendant to change his plea as requested, the inconsistencies and the unconstitutional features of the statutes involved are of no further consequence so far as this defendant is concerned.

The judgment, in my opinion, should be reversed and the cause remanded for a new trial, first on the question of sanity, and if there is a verdict finding defendant sane,

then proceed to trial as to the guilt or innocence of the charge in the information.

MR. JUSTICE BRADFIELD concurs in this opinion.