No. 18,460.

LEROY BOLDEN, JR. *v.* PEOPLE OF THE STATE OF COLORADO.
(341 P. [2d] 466)

Decided June 22, 1959.   Rehearing denied August 3, 1959.

Mr. ROBERT E. HOLLAND, Mr. IRVING ANDREWS, for plaintiff in error, Mr. E. V. HOLLAND, of counsel.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error will be referred to herein as defendant, the position he occupied in the trial court where he was convicted of possession of Cannabis Sativa L (marijuana). He brings the case here on writ of error. Counsel for plaintiff in error in this court did not represent him in the trial court.

The record discloses that on or about June 9, 1956, defendant and a man named Marks were riding in an automobile owned and driven by defendant. The car was halted by police officers at 26th and Glenarm Place in Denver. While one of the officers was talking with defendant, the latter threw an object or objects across the street, which proved to be four cigarettes. At police headquarters defendant orally stated that he had purchased these cigarettes from a man named "Slick" for $3.00 some forty-five minutes prior to his contact with the officers. Defendant further stated that he knew they were marijuana cigarettes. The same statement was made by defendant to Federal Agent Marsh.

The officer who first stopped the car testified as follows:

"A. We stopped the car at the corner of 26th and Glenarm and had both parties out of the car talking to them. I was in the process of making a contact card on the parties. Mr. Bolden [defendant] had quite a bit of money in bills in his pocket, and I asked him to count the money. He had the money in his left hand as he counted the bills in his right hand; he got to the bottom of the pile of bills and I observed what appeared to me

to be four hand-rolled cigarettes, possibly marijuana —." Thereupon objection was made by counsel for defendant "to any reference by this officer as to the contents of these things he observed." The trial court ordered the words "possibly marijuana" stricken and instructed the jury to disregard them. Thereafter the officer testified that defendant told him that he had these cigarettes for some forty-five minutes and that he "intended to use them for his own — smoke them — his own use," and that defendant stated to the officer that these were marijuana cigarettes.

Detective Russell when interrogated, "Q. What particular cigarettes are those, Detective Russell?" answered, "Marijuana cigarettes." Objection was made to this answer and counsel for defendant then moved the court to declare a mistrial. The motion for a mistrial was denied and the trial court admonished the jury to disregard the statement of detective Russell as to the contents of the cigarettes, and he also cautioned the witness regarding his answers to further interrogation.

Sergeant Moomaw, qualified as an expert, testified that he had made a chemical analysis of the cigarettes and that they contained Cannabis Sativa L., commonly known as marijuana.

Federal Agent Marsh testified that in a conversation with defendant the latter told him he was arrested on June 9th, threw the cigarettes on the ground and the police officer picked them up. Defendant, as a witness, denied the possession of the marijuana or that he had stated to the officers that he bought the cigarettes from "Slick."

The trial court instructed the jury that "evidence stricken from the record by order of the court should not be considered by you."

■ The statements made by non-expert witnesses concerning the contents of the cigarettes were stricken by the trial court, and we find no error in the trial court's ruling. No error was made in denying the motion

for a mistrial. See *Leick v. People,* 136 Colo. 535, 322 P. (2d) 674, where it is stated:

"Moreover, the trial court promptly and correctly directed the jurors to disregard these statements, and it 'is presumed that the jury followed the court's instruction.' *Bauman v. People,* 130 Colo. 248, 274 P. (2d) 591. Whether a mistrial should be declared rests in the sound discretion of the trial court. '(I)n the absence of abuse of discretion its ruling thereon will not be disturbed on review.' *Routa v. People,* 117 Colo. 564, 192 P. (2d) 436. We find no error in the denial of the motion for mistrial."

██ It is also urged that defendant was prejudiced by "certain prejudicial and erroneous remarks made by the assistant district attorney during the final argument." It need only be said that the final arguments of counsel are not a part of the record as submitted here. Nowhere in the motion for a new trial, the abstract of record or the briefs of counsel for defendant does the final argument appear. We direct attention to *Kallnbach v. People,* 125 Colo. 144, 242 P. (2d) 222, for a complete statement of the law as it pertains to this assignment. We there said: "A careful reading of the record in the instant case discloses that the arguments of counsel were not preserved in the record nor was any attempt made by defendant's counsel to have the portion to which they now object made a part thereof. Under these circumstances we cannot consider this assignment. *Ryan v. People,* 60 Colo. 425, 153 Pac. 756; *Wolf v. People,* 117 Colo. 321, 187 P. (2d) 928."

No prejudicial error appearing in the record before us, the judgment is affirmed.

MR. JUSTICE DAY not participating.