No. 20,139.

BERNARD JOSEPH HAMMONS *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(385 P. [2d] 592)

Decided September 16, 1963.    Rehearing denied October 21, 1963.

Mr. JOHN J. GIBBONS, Mr. J. H. BOUTCHER, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN E. BUSH, Assistant, for defendant in error.

194

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE judgment here for review is from conviction of a felony in the District Court of Adams County. Plaintiff in Error will be referred to as the defendant.

The record discloses that defendant, a former Denver Police Officer, was charged by information with feloniously breaking and entering a motor vehicle on December 20, 1959, with intent to commit larceny. A proper consideration of the case requires both a chronology of certain events and a summary of the evidence.

It appears that following his arrest defendant was released on bond and after several continuances trial was had in September 1961. Before the trial began his lawyers proposed, to the court in chambers, to enter a plea of *nolo contendere,* which was opposed by the District Attorney, and refused by the court. The parties then returned to the courtroom and the jury was impaneled. While the jury was being selected the District Attorney had a number of items with him in the courtroom. These consisted of a woman's jacket allegedly taken from the car, tools used in breaking into the car and several other articles that had been found in the defendant's car. Following its selection the jury was excused for the day. The following morning defendant's attorneys moved for a mistrial. Two grounds were urged for the motion. The first one was the appearance in The Denver Post of the preceding evening of a news article stating that defendant had offered a *nolo contendere* plea because he did not have evidence to refute the prosecution's case. Defendant urged that this story might have come to the attention of some members of the jury and was highly prejudicial. The second ground urged for a mistrial was the presence of some of the previously mentioned personal articles which it was asserted were not all connected with this crime. The court denied the motion on both grounds, but

requested the removal of the personalty until such time as it was to be introduced in evidence.

At the trial there was testimony by two Commerce Town policemen who had witnessed the offense. They were parked in their car at 1:45 a.m. about 50 feet away from a Studebaker car and watched defendant and his companion leave the Flamingo Tavern and start to get into the defendant's vehicle. They testified that as defendant did so he noticed the jacket in the car next to him; that first he attempted to open the car door, then pry open the vent and when unsuccessful in that method he used an ax to break the window. He then removed the jacket and placed it in his own car. At this point the two officers drove up and placed both defendant and his companion under arrest.

On cross examination both officers were questioned at great length on the visibility at the scene of the larceny. They stated that there was a near-by street light and some reflected light from the tavern itself which enabled them to see the actions of defendant. The question of the color of defendant's car was also raised and the officers testified that it was a two-toned blue; later evidence, however, indicated that it might have been a two-toned green.

Also, on cross examination one policeman was asked about the tools used by defendant. He later was questioned about $100.00 cash found in a sweat sock in the trunk of defendant's car. On redirect The People sought to introduce a boxful of articles taken from the car trunk and which this witness identified. Though objected to they were admitted on the theory that having inquired about the money in the trunk other personalty could also be introduced. Also, a coat worn by defendant's female companion on the night of the crime, which had no connection with the larceny, was kept in the courtroom but never offered in evidence.

Although there was no plea of not guilty by reason of insanity the defense consisted primarily of evidence at-

tempting to show that defendant was mentally ill at the time of the larceny and could not therefore have had the necessary criminal intent. Fellow police officers, who had worked with him, testified as to his mental condition and that he was a man who "lived in a fog"; that at times he was unaware of his own actions or the passage of time. On cross examination one witness was asked whether he thought it unusual that a man earning defendant's modest salary could have saved $18,000. Objection was made and the jury was instructed to disregard the question. Defendant's wife testified that in the year before the alleged crime he had changed a great deal and she believed part of this change had resulted from a back injury which left him in considerable pain. She further stated that she had worked for a number of years which had enabled them to accumulate some savings. Defendant's final witness was Dr. J. P. Hilton, a psychiatrist who had had defendant under treatment since January 1960. The doctor testified that he had hospitalized him on three different occasions for a condition called "melancholia." It was his opinion that defendant had been suffering from this mental impairment for a number of years and it had left him in such condition that even if he knew right from wrong he was unable to refrain from doing wrong.

Rebuttal evidence by The People consisted of testimony by two witnesses, Captain Coogan of the Denver Police Department and Dr. Norbert Shere, a psychiatrist. Captain Coogan had been defendant's supervisor at one time. He stated that defendant had a good record when he was a detective and his only problem had been a back injury. Dr. Shere had examined him at the request of the court. He stated that he believed that defendant was suffering from a neurosis with anxiety and depressive features, but that it had not impaired his ability to distinguish right from wrong.

Following submission of the case to the jury a verdict of guilty as charged was returned. Defendant was sentenced to one to three years in the penitentiary which

sentence was suspended and probation granted. Later defendant moved for a new trial on the ground of newly discovered evidence. This consisted of two pictures that had been taken by a photographer who had accompanied the two arresting officers on the night of the crime. The photographs showed the car that had been broken into. These pictures had been in the possession of the District Attorney who had not offered them in evidence. Defendant maintained that they showed the window had been only fractured and not shattered as the two police officers had stated. This motion was denied and writ of error followed.

Six grounds are urged for reversal. They can be summarized as: (1) that the weight of the evidence did not support the verdict; (2) that a mistrial should have been granted because of the newspaper item; (3) the short presence in the courtroom of articles not offered in evidence was error; (4) the admission in evidence of articles found in the defendant's car but not connected with the crime was error; (5) denial of the motion for a new trial based on newly discovered evidence; and (6) inadequate defense by trial counsel for the defendant. We will discuss these points seriatim.

First, it has repeatedly been held that when there is competent evidence to support a verdict it will not be reversed on review. *Wilson v. The People,* 143 Colo. 544, 354 P. (2d) 588 (1960). Here two eyewitnesses to the perpetration of the crime, as well as the jacket taken from the burglarized automobile and found in defendant's car, overwhelmingly support the verdict of guilty.

Second, as to the question of failure to grant a mistrial. *Leick v. The People,* 136 Colo. 535, 322 P. (2d) 674 (1958) held that the granting of a mistrial is within the sound discretion of the trial court and in the absence of abuse will not be disturbed on review. Here the jury had been instructed not to read about or discuss the case, and absent a showing to the contrary, it is presumed that the

jurors followed the court's instructions. *Bauman v. The People,* 130 Colo. 248, 274 P. (2d) 591 (1954).

Third, as to the articles brought to the courtroom by The People and not offered or admitted in evidence we perceive no error for these were removed from the courtroom on objection of counsel for defendant.

Fourth, no reversible error resulted from the admission in evidence of the articles from defendant's car.

As to the fifth ground, the motion for new trial based on newly discovered evidence, we must once again repeat the rule that the granting of such a motion rests in the sound discretion of the trial court. *Patton v. The People,* 114 Colo. 534, 168 P. (2d) 266 (1946). Here the new evidence offered would not have produced a different result or disproved the theft since it is obvious that the jacket was removed from the car regardless of how the entry was made.

Finally, as to the sixth ground complaining of the inadequacy of the defense counsel. Defendant now states that he wished to testify in his own behalf but was prevented from doing so by his lawyers. A review of this record discloses, however, that the charge is unwarranted and that both his trial attorneys ably represented him. In *Thompson v. The People,* 139 Colo. 15, 336 P. (2d) 93 (1959) it was said: "* * * the client will not be heard to complain if he stands by, permits the case to be tried, and objects for the first time after receiving an adverse decision." That rule applies to this defendant under the facts of this case.

Judgment affirmed.

MR. JUSTICE MOORE and MR. JUSTICE McWILLIAMS concur.