No. 24016.

HENRY C. ATWOOD AND RALPH P. BETTS *v*. THE PEOPLE OF THE STATE OF COLORADO.

(489 P.2d 1305)

Decided October 18, 1971.     Rehearing denied November 15, 1971.

MANSUR TINSLEY, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*En Banc.*

GEORGE V. KEMPF, District Judge,* delivered the opinion of the Court.

DEFENDENTS Atwood and Betts were charged with aggravated robbery. A jury found Atwood guilty of aggravated robbery and Betts guilty of simple robbery.

The defendants allege several grounds of error requiring reversal. We find none of these grounds are meritorious and therefore we affirm the judgment of the trial court.

## I.

Defendants first allege that it was error to submit instructions and verdicts on simple robbery to the jury as there was no charge of simple robbery against the defendants and no evidence of simple robbery before the jury. In relation to this, defendants argue that the verdicts returned by the jury were inconsistent as between the two men, and, therefore, require reversal.

Initially we find that there was ample evidence upon which to convict Atwood of aggravated robbery. He used a loaded weapon to intimidate his victims and made the statement "I don't want to hurt anybody." The evidence also supports the People's contention that Betts drove Atwood to the scene of the crime, waited during the robbery, and drove him away from the scene. He also received part of the stolen money.

█ "Aggravated" and "simple" robbery are but two degrees of the same offense. The former requires that the perpetrator have the intent, if resisted, to kill, maim, or wound the victim. The latter offense does not require this intent. It is also axiomatic that one who is an accessory to a crime is guilty of the same degree of crime as the principal. If it was error for the trial judge to submit instructions and verdicts on the offense of simple robbery, the defendants were not prejudiced thereby. On the basis of the record before it, the jury could have convicted both defendants of aggravated robbery.

██ Betts benefitted both from the instruction given on simple robbery and the failure of the trial court to instruct the jury that an accessory is guilty of the same degree of crime as the principal. If Betts had been found guilty of being an accessory to aggravated robbery he could have been sentenced to the maximum statutory

penalty of life imprisonment for the crime. The maximum statutory penalty for simple robbery is fourteen years. He cannot now be heard to complain of an error which inured to his benefit and which did not prejudice him. Likewise, Atwood cannot complain because the jury found him guilty of the crime which he committed and chose to find Betts guilty of a lesser offense.

## II.

■■ Defendants argue that a mistrial should have been declared upon the jury's knowledge of the assassination of Robert F. Kennedy. We had occasion to examine this same question in *Moore v. People,* 174 Colo. 286, 483 P.2d 1340 and there held that it was not error to deny a mistrial where the court was satisfied that no prejudice would result to the defendant by virtue of the jury's knowledge. In the instant case the judge examined the jury as to the effect this event would have upon their ability to render a fair and impartial verdict and was satisfied that their ability would not be impaired. The declaration of a mistrial is within the sound discretion of the trial judge and absent any abuse of that discretion his ruling will not be disturbed on review. *Hammons v. People,* 153 Colo. 193, 385 P.2d 592; *Leick v. People,* 136 Colo. 535, 322 P.2d 674.

## III.

■ Defendants' final contention is that the trial court erred in denying defendants' motion to suppress certain items of evidence seized in a search of their car shortly after their arrest. Their car had been followed from the scene of the crime, its license number obtained, and within a few minutes it had been located parked outside a tavern. There was ample probable cause for the arrest of the defendants. They were found inside the tavern and the arresting officers found $700 and a gun taken in the robbery in the booth occupied by the defendants. The arresting officers searched the defendants' automobile after the arrest and discovered a .38 calibre gun used in the robbery and the remainder of the money taken.

The police officers had probable cause to search defendants' automobile and under the rule stated by the United States Supreme Court in *Chambers v. Maroney,* 399 U.S. 42, 90 S. Ct. 1975, 26 L. Ed. 2d 419, we hold that the search of defendants' automobile without a warrant was proper and that it was not error to admit the items found into evidence. In this case, as in *Chambers,* the police officers were dealing with a mobile vehicle and they had reason to suspect that the evidence of the crime was concealed in the vehicle. *See People v. Woods,* 175 Colo. 34, 485 P.2d 491; *People v. Henderson,* 175 Colo. 400, 487 P.2d 1108.

Judgment affirmed.

MR. JUSTICE DAY and MR. JUSTICE KELLY not participating.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.