No. 9206.

LAYCOCK v. THE PEOPLE.

1. CRIMINAL LAW—*Fair Trial.* Where the prosecutrix and the accused are the sole witnesses, directly contradicting each other, questions propounded by the presiding judge to the accused, during the trial, tending to create in the minds of the jury a belief that in the opinion of his honor the accused is guilty, are prejudicial error.

2. *Prosecution Required to Select Occasion.* Where in a prosecution under (Rev. Stat., 1649, par 1), of a male person above the age of 18 years, for having carnal knowledge of an unmarried female under that age, it appears that the illicit intercourse was continuous, the people may on motion be compelled to select the occasion upon which they will demand a conviction, and this selection must be made before the accused is required to proceed to his defense. The prosecutor is not required to select any specific date, but must individualize a certain act upon which he will rely.

3. EVIDENCE—*Pregnancy of the Female*, will not necessarily establish the guilt of the accused but may be admissible, in corroboration of the evidence as to the particular act relied upon.

*Outcry and Complaint*, are immaterial.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Mr. JAMES P. WILSON, Mr. CHARLES H. SHERRICK, Mr. HENRY E. MAY, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General; Mr. JOHN L. SCHWEIGERT, Mr. BERTRAM B. BESHOAR, Assistant Attorneys General; Hon. VICTOR E. KEYES, Attorney General; Mr. W. R. RAMSEY, Assistant Attorney General, for The People.

1. The information charges that, February 8, 1917, defendant, a male person over the age of 18 years, did feloniously have carnal knowledge of one Claudell Jarvis, an unmarried female person under the age of 18 years. The jury found defendant guilty, and the court sentenced him from six to ten years in the penitentiary. The participants were the only witnesses to the transaction. The prosecutrix testified positively to the act, which defendant as positively denied. The jury might have convicted or acquitted, and there would have been sufficient evidence to sustain the verdict. The court asked defendant, while he was upon the witness stand, as a witness in his own behalf, the following questions:

*By the Court:*

Q.   Mr. Laycock, what is your explanation of why you happen to be here now as a defendant in this case?

A.   Why, I believe it is due to excitement, or something like that, or a mistake.

Q.  · Do you mean to tell these jurors your wife and your stepdaughter are trying to frame up a case on you?

These questions might be unobjectionable, or not reversible error, had they come from the District Attorney, but, coming from the court, they were prejudicial.  They tended to induce in the minds of the jury a belief that, in the court's opinion, defendant was guilty.  With the witnesses so closely pitted against one another, it is hard to say what influence, coming from the bench, these questions may have had upon the minds of the jury, but that they were prejudicial to the defendant there can be no doubt.  The jury may have believed the defendant's story, or, if the whole evidence on the trial raised a reasonable doubt in their minds as to his guilt, it was their duty to give him the benefit of the doubt and acquit him.  Such questions propounded from the bench may have had a deciding weight against the defendant.  The court will find it much safer in criminal cases to permit counsel to conduct the examination of the witnesses.  *Adler v. U. S.,* 182 Fed. 464, 104 C. C. A. 608; *People v. Acardo,* 125 N. Y. Supp. 502, 140 App. Div. 929; *Taylor v. State,* 2 Ga. App. 723, 59 S. E. 12; *C., B. & Q. R. R. Co. v. Kellogg,* 55 Neb. 748, 76 N. W. 462; *Leo v. State,* 63 Neb. 723, 89 N. W. 303.

For the error above indicated alone, the judgment is reversed and the case remanded.

2.   Inasmuch as the case is remanded for trial *de novo,* we will pass upon other assignments of error as a guide to the lower court in the event of a new trial.  Defendant married the mother of the prosecutrix, and they had a child. The prosecutrix lived with them as a member of the family. August 22, 1915, the mother went East on a visit and left her at home to keep house and care for the family.  She was then between 14 and 15 years of age, and was sexually

a fully developed woman. She occupied a bedroom with the child, which was then 4 or 5 years old. The people's evidence shows that, as soon as the mother left, defendant tried to have sexual intercourse with his stepdaughter, and on the third night, August 24th, succeeded. After that this relation was maintained at frequent intervals for about two years, the last act occurring February 8, 1917. Defendant was convicted of this transaction. It was not common law rape, that is, her resistance was not overcome by force and violence. She was of the age that made her incapable of consenting under the statute, but she was physically able and mentally capable of consenting, and went to his bedroom to participate in the act, and it was not a case of forcible rape against her will.

In rape cases the complaint must state a specific date or time when it is alleged the transaction occurred, but the date pleaded is an immaterial allegation, and need not be proven as laid. It is the transaction that is material, and the District Attorney may select any act upon which he will rely for a conviction, within the period of the statute of limitations, which, in this case, is three years prior to the filing of the information. The defendant can be prosecuted for but one single act, and generally speaking, the people can offer evidence of but one transaction to support the charge.

In cases of this kind, however, where there are many acts or transactions, any one of which would constitute the offense charged, the people may, on motion, be compelled to select the transaction upon which they depend for a conviction. That the selection should be made before defendant is compelled to proceed with his defense, all the authorities agree, but whether it should be made before the people introduce any evidence, or at the close of the people's case, or during the progress of the trial if other transactions are developed, the authorities do not seem to be in harmony. The matter rests largely in the discretion of the trial court, and in most cases it would be better for the court to permit the evidence to proceed far enough to identify the trans-

action upon which the people rely for a conviction before compelling a selection. The people are not required to select the date laid, or any date for that matter, as the date is immaterial, but must individualize and select a certain act or transaction upon which they rely for a conviction. Before selection, any act is as properly the act charged as another, that is, the charge is aimed as much at one act as another, and any transaction the prosecution may select is properly the act charged. Where there are many acts, and evidence of a particular act is introduced for the purpose of securing a conviction upon it, some cases hold that the act first introduced in evidence becomes the transaction charged in the information. The District Attorney naturally would select the transaction most favorable to the people, and in this class of cases, where there are usually many acts, he should, at the commencement of the trial, if he has properly prepared his case, be familiar with the facts, and, upon motion, be required to elect upon which transaction he intends to rely for a conviction. There can be no proof of other acts as a substantive offense than the one selected. But, where there are other transactions than the one selected or on trial the courts have relaxed the rule to the extent of admitting in evidence previous like transactions between the parties occurring prior to the act selected, but not subsequent. This appears to be done upon the theory that the evidence is in explanation and corroboration of the act charged, as having a tendency to render it more probable that the act charged was committed, because one transaction of this kind naturally would follow from another transaction of the same kind that has gone before.

The court told the jury they could convict defendant on the uncorroborated evidence of the prosecutrix alone, if it, and all the surrounding circumstances, convinced them beyond a reasonable doubt of his guilt. It would have been less subject to criticism to have said: if it, together with all the other facts and circumstances in the case as they have been developed and established by the evidence on the trial, satisfied them beyond a reasonable doubt of defend-

ant's guilt. The objection to the instruction is that it does not confine the surrounding circumstances to the evidence in the case.

The court told the jury that evidence of pregnancy was admitted for the purpose of showing intent. We do not see how it could show intent. Nobody claims it was a mistake. Pregnancy was immaterial and formed no part of the people's case. The question was whether defendant had sexual intercourse with the girl about the 8th of February, 1917, and was she then unmarried and under the age of 18. Whether she was pregnant by the defendant or any one else was immaterial. *McQueary v. People,* 48 Colo. 214, 221, 110 Pac. 210, 21 Ann. Cas. 560. The fact of pregnancy, however, was so interwoven with material facts in the case that it could not be separated or kept out, and it undoubtedly showed that she had had sexual intercourse with some man. This fact once before the jury could not be obliterated, and it was proper for them to consider her condition in connection with her testimony, but pregnancy standing alone was no evidence of defendant's guilt. If she was pregnant from intercourse with the defendant, it would not necessarily prove that he was guilty of the transaction on trial, but it might be admissible as evidence of some previous transaction that is admissible in corroboration of the evidence of the transaction relied upon.

The court gave the usual instruction about outcry and complaint shortly after the alleged rape. This instruction was inapplicable to the transaction on trial and should not have been given. Defendant was charged under section 1, paragraph 1, of our rape statute, page 356, Session Laws 1907, with having sexual intercourse with an unmarried female under the age of 18 years. There was no charge or complaint based upon paragraph 3 of that act that she resisted and that her resistance was overcome by force and violence, and her own evidence shows that she went to his bedroom. Statutes can not change the laws of nature. Whether it was a common law offense, based upon actual force, or based upon the statute because the girl was of the

age where she could not consent, but did consent, must be taken into consideration in giving the instructions. *Mc-Queary v. People, supra.*

The evidence of the prosecutrix shows that the act of intercourse between these parties commenced when she was between 14 and 15 years of age and was kept up voluntarily and secretly at frequent intervals for a period of about two years, and she made no complaint until her condition compelled her to divulge the relations that existed between them.

Reversed and remanded.

Teller and Burke, J. J., concur.