No. 19,994.

WENDELL A. PETERS v.
THE PEOPLE OF THE STATE OF COLORADO.
(376 P. [2d] 170)

Decided November 5, 1962.  Rehearing denied December 3, 1962.

Messrs. FUGATE, MITCHEM, McGINLEY & HOFFMAN, for plaintiff in error.

MR. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as defendant, was accused by information filed in the district court of the City and County of Denver with having committed crimes as follows: In count one with bur-

glary; in count two with larceny; in count three with receiving stolen goods; and in count four it was alleged that he "was the bailee by finding and otherwise of a Monroe electric calculator Serial No. J. 808495 of the value of Four Hundred Forty Five Dollars" and certain other machines which are particularly described, owned by the Monroe Calculating Machine Company, Inc., and that "while so the bailee thereof, said Wendell A. Peters, then and there knowing the identity of the owner of said property and having the means of ascertaining and knowing the rightful owner thereof, made no effort to find, and restore the said property, to its rightful owner * * * and did then and there unlawfully, wilfully and feloniously convert said Monroe electric calculator to his own use with intent to steal the same * * *." As to all counts a plea of not guilty was entered.

At the conclusion of the evidence the burglary and larceny counts (one and two) were withdrawn and the case was submitted to the jury on the third and fourth counts. The jury returned a verdict of guilty on the fourth count. Motion for new trial was filed and denied, and judgment entered on the verdict.

As grounds for reversal it is argued that the trial court committed error in receiving evidence tending to establish that defendant had in his possession, and converted to his own use, items of personal property which had been stolen in burglaries other than the one in which the items mentioned in the fourth count of the information were taken.

The prosecution's evidence disclosed that Exhibits A, B, C, and D, (a typewriter and three calculators) were missing after a burglary of the Monroe Calculating Machine Company on September 15, 1958. Exhibit B, one of the calculating machines, was sold by defendant in July of 1959 and police officers found Exhibits A, C, and D in defendant's home or in his office on the 14th and 15th of October 1960. All four of these exhibits, A, B, C, and D were set out in the larceny by bailee count (the

count upon which defendant was convicted) as having been in defendant's possession, but he was accused of wrongfully converting only Exhibit C. The prosecution was also permitted to show that Exhibit K, a Royal typewriter, missing from the Binx-Johnson Company in Denver after a breakin on September 9, 1960, also was sold by defendant, on October 3, 1960. Additionally, the prosecution established that Exhibit O, a television set, was missing from a burglarized television repair store on May 6, 1960, and was found in defendant's home on October 14, 1960; that Exhibit P, a typewriter, was missing from a typewriter repair place in Lakewood in September of 1958 and was found in defendant's home on October 14, 1960.

Upon questioning and arrest, defendant talked to police officers about all of these items and explained that Exhibits B, C and D, three adding machines, were found in the basement of the building he had purchased. At the trial defendant's story changed; he then claimed to have found Exhibit B in the basement, but that Exhibits C and D were left with him by a client. He testified that Exhibits A and P, two typewriters, were given to him by his father to help equip his office; that Exhibit O, the television set, was left with him by Jake Price and J. D. Sterling as security for a fee, and Exhibit K was left by another party as collateral for another fee.

Defendant objected at the trial, and here contends, that evidence relative to any exhibits other than A, B, C, and D, they being the only articles described in any of the counts in the information, was erroneously admitted and prejudicial. Basically, he claims that such other transactions were too remote in both time and place to be admissible under the exception allowing evidence of transactions not charged in order to show intent, knowledge, plan, or scheme to produce a result of which the act charged in the information is a part. Defendant first points out that Exhibits A, B, C and D

were missing from their rightful owner's business establishment after a burglary on September 15, 1958, and that most of the other items were missing after burglaries occurring some time in 1960. In the case of Exhibit P, the burglary resulting in its loss occurred in September of 1958. Based on these dates, defendant claims that since items mentioned in the information were missing in 1958 and others not mentioned were missing in 1960, evidence of the latter should have been excluded for the reason that too much time had intervened to warrant introduction of the evidence on the issue of intent, scheme, design, etc.

■ We are not concerned with the burglaries as such because defendant was convicted only of larceny by bailee, which could well have occurred at any time after the items were stolen. Therefore the date on which the several items were first missing is not necessarily controlling on the question of whether the evidence was properly admitted over an objection that the incidents were too remote in time. It is true that defendant was charged with having committed the crime of larceny by bailee on September 15, 1958, but the charge is sufficiently proved if the evidence shows that the crime occurred at any time within three years prior to the filing of the information. *Laycock v. People,* 66 Colo. 441, 182 Pac. 880; *Noble v. People,* 67 Colo. 429, 180 Pac. 562; *Imboden v. People,* 40 Colo. 142, 90 Pac. 608.

■ Here there was evidence from which the jury might have concluded that defendant had come into possession of the stolen property lawfully; that he thereafter learned that said personal property was stolen in the burglary of the premises of the Monroe Calculating Machine Company and with full knowledge thereof converted said property to his own use and withheld the same from its lawful owner.

■ Defendant upon being questioned by police officers offered an explanation as to how he came into

possession of the property and denied any knowledge that the property was stolen or any intent to withhold it from its true owner. It was proper for the district attorney to challenge this exculpatory statement by competent evidence. Evidence of transactions other than the offense charged in the information is admissible to prove scienter, or guilty or criminal knowledge with respect to the crime charged. Evidence that logically tended to weaken the assertions of the defendant that he had no knowledge that the property mentioned in the information was stolen, was proper for consideration of the jury. As stated in *Hampton v. People,* 146 Colo. 570, 362 P. (2d) 864, evidence of a transaction similar to that charged in the information "tends to weaken Hampton's [defendant] testimony that though present when the robbery of the Busleys store was perpetrated he was only an innocent victim of circumstances and possessed no guilty knowledge."

Upon each of the counts submitted to the jury it was essential to prove that defendant had knowledge that the property allegedly received by him, or converted by him, was stolen property. The fact that loot from other burglaries was found in defendant's possession has probative force upon the issue of knowledge and its admission was not error.

It is contended that C.R.S. '53, 40-5-14, the statute under which defendant was convicted, deprives him of due process of law in violation of constitutional provisions of the state and federal constitutions, in that it is not couched in language "sufficiently definite and clear to inform men of common intelligence of its meaning and application." We find no merit in this argument.

Counsel for defendant devote in excess of twenty pages of their printed brief to alleged errors of the trial court relating to the admission of various exhibits, and testimony tending to identify various business machines and other property as having been stolen at the time of

the various burglaries, including the offense committed on the premises of the Monroe Calculating Machine Company. We have given careful consideration to the arguments presented in this connection and conclude that the substantial rights of defendant were not prejudiced by any ruling of the trial court in connection with the admission of these exhibits and the testimony to which objection was made.

It is argued by counsel that:

"The trial court erred in not granting a mistrial upon very timely motion where the prosecution in closing argument repeatedly referred to 'other offenses,' all to the grave prejudice of the defendant."

■ Although the objection to the statements of the district attorney is contained in the record, as is the court's instruction to the jury to disregard references to "other offenses," the actual closing arguments, purportedly containing the asserted prejudicial remarks, is nowhere in the record. Under such circumstances we are in no position to consider this assignment. *Bolden v. People,* 139 Colo. 532, 341 P. (2d) 466. The trial court specifically admonished the jury with relation thereto as follows:

"THE COURT: Ladies and Gentlemen of the Jury, it has been mentioned during recess that the Deputy District Attorney inadvertently referred to other transactions in this case as other offenses; that was simply a misuse of words and was not meant as anything else. So you will disregard the word offenses as used, and as now used by the Court, because these other transactions charged and shown against the Defendant are not offenses and weren't proven as such. Is that clear? (The jury indicates in the affirmative.)"

Under the circumstances we think no prejudice resulted to defendant by the conduct of which complaint is made.

■ It is argued that the trial court committed error

in refusing to allow counsel for defendant to examine notes made by a police officer during an interview with defendant. These notes were not used by the officer while on the witness stand but were admittedly used by him to refresh his memory shortly prior to taking the witness stand. The only matter which could possibly have been clarified by an examination of the notes, and which we view as immaterial, related to the testimony of the officer that defendant stated he had purchased the building (in which stolen articles were assertedly found) in May 1959. Actually he had purchased the building in May 1958. Counsel for defendant urges that the notes of the officer might show that defendant actually gave the correct date of purchase to the officer and that the officer was mistaken in his recollection of what defendant said. Whether the defendant inadvertently or intentionally gave the date of purchase as 1959 instead of 1958, or whether the officer was mistaken in his recollection, would not warrant a reversal of the judgment. The date of actual purchase was admitted.

█ It is argued that the trial court erred in refusing to require the district attorney to elect as between the count of the information charging receiving stolen goods and that charging larceny as bailee. Suffice it to say that there was evidence before the jury which would have supported a verdict of guilty on either count. The court correctly instructed the jury that it could not find defendant guilty of both receiving stolen goods and of larceny as bailee.

It is also argued as grounds for reversal that a new trial should be ordered for the reason that following the entry of the verdict of the jury the Supreme Court of the United States handed down its decision in the case of *Mapp v. Ohio*, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. (2d) 1081, in which it was held that evidence obtained by means of an unreasonable search and seizure could not be received in evidence upon trial of a criminal case

in the courts of Ohio. In the instant case no objection to the admission of evidence was made at the time of trial on the ground of illegal search and seizure. It is argued that at the time of the trial the established law in this jurisdiction was contrary to the holding in the *Mapp* case, and that it would have been a useless gesture on the part of defendant to object to evidence obtained without a search warrant, or to have made an issue as to whether the search and seizure in question amounted to an infringement of his constitutional rights with regard thereto.

September 8, 1961, before judgment was entered, defendant filed a motion which in pertinent part contained the following:

"COMES NOW the Defendant by and through his attorneys, FUGATE, MITCHEM, McGINLEY & HOFFMAN, and moves this Honorable Court for an order reopening this cause for the taking of testimony relating to the competency and admissibility of People's Exhibits A, B, C, D, K, O and P (being three business machines, three typewriters and one television set), and as grounds therefor, Defendant does state and aver as follows:

"1. That by the admissions of witnesses on behalf of the People, there were no search warrants issued relating to the seizure of said Exhibits from Defendant's home and office.

"2. That the testimony at the trial does not make it clear whether or not permission was given by the Defendant expressly or impliedly for such seizure.

"3. That, in fact, the Defendant did not give permission for such seizure.

"4. That witnesses other than those who testified at the trial are available for testimony to corroborate and substantiate Defendant's statement as contained in Paragraph 3 above.

"5. That at the time of the trial the law of this State rendered admissible illegally seized 'evidence.'

"6. That subsequently thereto and. prior to the rendering of final judgment and sentence in this cause, the Supreme Court of the United States in the case of *Mapp vs. Ohio,* previously cited to this Court, determined that there is a violation of the Defendant's constitutional rights under the 14th Amendment to the United States Consitution where illegally seized evidence is introduced into evidence and that such admission is prejudicial to the Defendant."

This motion was denied and it is here argued that reversible error was thereby committed by the trial court.

■ We conclude that the decision of the Supreme Court of the United States went no farther than to exclude in the state courts the use of evidence obtained by way of an unreasonable search and seizure as forbidden by the Fourth Amendment to the United States Constitution. It does not exclude all evidence which might be obtained as an incident to a lawful arrest, nor does it preclude the admission of all evidence which may have been obtained without the sanction of a search warrant. The evidence before the court clearly indicated a permissive search and there is nothing whatever in the record to indicate "an unreasonable search and seizure" within the coverage of *Mapp v. Ohio,* supra.

While other points are argued as grounds for reversal we find no substantial merit therein and a discussion thereof would only unduly lengthen this opinion to no purpose. There was an abundance of competent evidence to support the verdict and the judgment should be, and is, affirmed.