## No. 21403.

GLENN FRANK ALBRITTON *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(403 P.2d 772)

Decided July 6, 1965. Rehearing denied July 26, 1965.

SAMUEL D. MENIN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, JR., Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, to whom we will refer as the defendant, was accused of the crime of burglary in an information filed in the district court of the City and County of Denver. He was arraigned on May 7, 1963, and the cause was continued until November 14 of that year.

In the information as originally filed it was alleged that the crime was committed "on the twenty-seventh day of March" 1963. The record discloses that on November 14, 1963, the information was amended to read that the offense was committed "on the twenty-second day of March" 1963. The record further discloses that the defendant and his attorney were present in the courtroom on that date although it is otherwise silent regarding the amendment above noted. No objection was made to the amendment, and upon trial of the case all the evidence fixed the time of the offense as the twenty-second day of March. There was no rearraignment of the defendant following the change made in the information concerning the date upon which the offense actually occurred.

The only point argued by counsel for defendant as a basis for reversal of the judgment is stated by him as follows:

"The conviction cannot be sustained because defendant was denied due process of law in that he was tried without being arraigned after a material change of the information."

He directs our attention to 14 Am. Jur. p. 941, § 253, from which he quotes the following:

"* * * If the indictment or information has been ma-

terially changed, the accused should not be put on trial without being arraigned again. After an amendment which places the date of the commission of the crime subsequent to the date of the filing of the information, it is error to require the accused, over his objection, immediately to proceed to trial without arraignment under a plea to the amended charge.* * *"

 Assuming arguendo that the above quoted language states a rule adopted in some jurisdictions, the facts in the instant case are not within the coverage of that rule. The date of the commission of the crime charged was not changed by the amendment to a time subsequent to the filing of the information. The matter quoted from 14 Am. Jur. by counsel is lifted from its context and the section referred to in its entirety contains two pertinent sentences which are omitted in the quotation. The first of these precedes the quoted portion and reads as follows:

"Whether or not it is necessary to arraign the defendant and give him an opportunity to plead after the indictment or information has been amended usually depends upon the materiality of the amendment. * * *"
The second omission follows the quoted portion and reads as follows:
"* * * The mere correction of a clerical or other immaterial error in the indictment, however, does not require a second arraignment and plea."

██ The change that was made in the information was not one with reference to a material allegation. Within the language above quoted from 14 Am. Jur. it was "the mere correction of a clerical or other immaterial error" in the information. In fact, no amendment was necessary. The events which took place on March 22nd could have been shown to establish the commission of the· crime even though the information erroneously alleged that it occurred on March 27. On this point we direct attention to the case of *Peters v. People of Colorado*, 151 Colo. 35,

376 P.2d 170, from which we quote the following pertinent language:

"* * * It is true that defendant was charged with having committed the crime of larceny by bailee on September 15, 1958, but the charge is sufficiently proved if the evidence shows that the crime occurred at any time within three years prior to the filing of the information. *Laycock v. People,* 66 Colo. 441, 182 Pac. 880; *Noble v. People,* 67 Colo. 429, 180 Pac. 562; *Imboden v. People,* 40 Colo. 142, 90 Pac. 608."

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE SCHAUER concur.