No. 23879.

DANIEL ALVIN MARN *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(486 P.2d 424)

Decided June 28, 1971.

Edward H. Sherman, Public Defender in and for the City and County of Denver, William J. Chisholm, Public Defender, Truman E. Coles, Assistant Deputy, David A. Fogel, Assistant, Randolph M. Karsh, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert L. Hoecker, Assistant, for defendant in error.

*En Banc.*

Oyer G. Leary, District Judge*, delivered the opinion of the Court.

THE plaintiff in error, hereinafter referred to as defendant, was by a jury convicted of the crime of felonious assault, on a child under age sixteen. The motion for new trial set forth two points of error, being (1) incompetency to testify of the two minor State witnesses, being the victim age nine years, and her sister age ten years; and (2) failure to grant judgment of acquittal at close of People's case, and at the conclusion of all evidence. The briefs as filed by defendant's counsel in this Court raised for the first time two additional grounds, being (3) material variances between the proof and the charge, and (4) failure to tender to the jury an instruction concerning defendant's theory of the case.

We note that in accordance with the standards of criminal justice this case has been presented here on the brief of defendant's counsel, who waived oral argument. We have recently held that counsel after preparing and filing a brief on behalf of the client in a criminal case, can properly suggest that the case be submitted on briefs without oral argument as was done here. *McClendon v. People*, 174 Colo. 7, 481 P.2d 715; and *Garcia v. People*, 174 Colo. 372, 483 P.2d 1347.

Briefly stated the evidence presented by the People at the trial came from six witnesses and was to the effect that the victim had gone into the woman's portion of a public bathroom at Berkeley Park in Denver, with her sister. That while there the defendant entered and touched her between the legs with his hands. The victim and her sister identified defendant as the perpetrator of the offense. The other surrounding circumstances of the offense and the apprehension of the defendant immediately after the incident were corroborated by the other witnesses. The defendant took the stand in his defense and testified that he entered the restroom by mistake and denied touching the victim.

We have considered all assigned errors and find no merit in defendant's contentions and therefore affirm.

## I.

■ Concerning the first assignment of error, the record reflects that the trial court prior to proceeding in open court conducted a competency hearing concerning the qualifications of two minor witnesses. At the conclusion of a rather lengthy and detailed hearing the trial court ruled that the witnesses were qualified to testify. Defendant's counsel concede that the evidence adduced at this hearing established that the girls knew the difference between right and wrong, and that the court went to great lengths to determine if they could recall past events and would tell the truth. Defendant's complaint is that this evidence was not tantamount to their specifically comprehending the nature, solemnity, obligation, effect or meaning of an oath. The People answer that, even though the girls indicated a lack of understanding of the legal definition of the term "oath," nevertheless both clearly understood their obligation to tell the truth and expressed a belief that they would be punished by their parents and God, should they fail to tell the truth. The statute governing competency of witnesses applicable to this situation is C.R.S. 1963, 154-1-6 (1), which reads in part as follows:

"(a) The following persons shall not be witnesses:

"(c) Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined or of relating them truly."

Since the adoption of this statute this Court has had numerous occasions to consider its application in specific cases. Notable among these are *Wesner v. People,* 126 Colo. 400, 250 P.2d 124; *Hood v. People,* 130 Colo. 531, 277 P.2d 223; and *Jordan v. People,* 161 Colo. 54, 419 P.2d 656. In *Wesner v. People, supra,* we find:

"This court has many times said that the competency of the child as a witness under this statute is a question that is addressed to the sound discretion of the trial court, whose duty it is to examine such child, without

interference of counsel, to determine competency and unless there is a great abuse of this discretion, the trial court's ruling thereon should not be disturbed."

■ Although there are references in some of these cases to the effect that the witness must understand the meaning of an oath, it is apparent from examining the opinions that the Court is really concerned with the witness' ability to observe and relate facts accurately and the witness' understanding of a moral obligation to tell the truth. If a witness displays these abilities he will be held competent to testify regardless of the fact that he may not know or be able to give an adequate technical, legal definition of the term "oath." It is noteworthy that the statute itself does not use the term "oath" in its context or refer to a specific understanding thereof. The question should be one of substance and not one of semantics or form. We have carefully examined the record of the hearing and it discloses to our satisfaction that a full, open, and complete hearing was had allowing full participation by both sides, along with a detailed personal examination by the Judge who had the opportunity to observe the demeanor of the witnesses while answering questions and testifying. We therefore conclude that the trial court did not abuse its discretion in holding these witnesses competent to testify at the trial.

II.

The second assignment of error concerns the failure of the trial court to grant defendant's motions for judgment of acquittal. In disposing of this question we apply the principles announced in *Ruark v. People,* 164 Colo. 257, 434 P.2d 124; *Mathis v. People,* 167 Colo. 504, 448 P.2d 633; and *Maes v. People,* 169 Colo. 200, 454 P.2d 792.

■ Our examination of the record establishes that the People's evidence established a sufficient quantity of proof from which the jury could find beyond a reasonable doubt that the circumstances were such as to exclude every reasonable hypothesis of defendant's

innocence. We therefore cannot say that the trial court erred in denying defendant's motions and submitting the issue of guilt to the jury. We will not disturb the jury's verdict based on such evidence.

### III.

As previously noted assigned errors three and four were not contained in the motion for new trial and in addition the variance question now presented was never brought up at trial or objected to by the defendant. Normally with this state of the record we would refuse to review these points of error unless they were in the nature of fundamental errors and were serious and prejudicial. Since defendant's counsel has strenuously argued that as a result of these alleged errors he was seriously prejudiced and was therefore denied a fair and impartial trial as provided by the Federal and State Constitutions, we have elected to consider them in this opinion. *Dickson v. People,* 82 Colo. 233, 259 P. 1038; and *Hernandez v. People,* 156 Colo. 23, 396 P.2d 952.

 The third assignment of error involves a variance between the charge which states the offense happened on July 12, 1968, and the proof wherein four of the People's witnesses testified that the incident happened on July 15, 1968.

Defendant asserts this variance surprised and prejudiced him since he was left without a defense and by being so misled he had no time to prepare one. Furthermore, he asserts that his entire defense involved the specific date of July 12th, and applying this in relation to the People's evidence involving an offense on July 15th, it would raise an inference of the commission of separate offenses on two separate days and therefore could only have confused the jury.

The People respond to this argument that the date of the offense was not a material allegation of the information and that therefore the charge is sufficiently proved if the evidence shows the crime occurred at any

time between three years prior to the filing of the information. We concur that this position is well supported by the following cases: *Imboden v. People,* 40 Colo. 142, 90 P. 608; *Laycock v. People,* 66 Colo. 441, 182 P. 880; *Noble v. People,* 67 Colo. 429, 180 P. 562; *Peters v. People,* 151 Colo. 35, 376 P.2d 170; and *Albritton v. People,* 157 Colo. 518, 403 P.2d 772.

### IV.

█ Defendant's fourth assignment of error is that the tendered instruction on his theory of the case should have been given. It is correct as argued by counsel that as a general premise of the law a defendant under certain circumstances is entitled to an instruction based on his theory of the case, *Payne v. People,* 110 Colo. 236, 132 P.2d 441, but it must be grounded upon the evidence and not a mere fanciful invention of counsel, nor one involving an impossibility, and must be in proper form. *Van Wak v. People,* 45 Colo. 1; 99 P. 1009; *Payne v. People,* 110 Colo. 236, 132 P.2d 441; *Wertz v. People,* 160 Colo. 260, 418 P.2d 169; and *Zarate v. People,* 163 Colo. 205, 429 P.2d 309. We have examined the instruction in question here and it does not fit within the cases concerning factual situations, involving one of the recognized defenses such as self-defense, alibi, consent of injured person, intoxication, justification, etc. The form of the instruction merely states the evidence as testified to by the defendant and ends by denying that he touched either girl, which is equivalent to his plea of "Not Guilty" to the charge contained in the information.

The tendered instruction did not set forth any theory of the case, other than this general denial and was merely a restatement of his evidence, without any resultant theory, and was merely another attempt to reargue the case. This opportunity was afforded to defense counsel in closing argument and he is not entitled to have it reiterated in instructions given by the court. It

is noteworthy that in the cases cited by the defendant in his brief, even though they recognize that a proper theory of the case instruction must to some extent recite evidence in the case, they each concluded with a concise statement of the legal theory of defense. Here this was lacking other than a general denial of guilt. Accordingly we find no error in refusing the tendered instruction.

Judgment affirmed.

MAX C. WILSON, District Judge,* participating.

MR. JUSTICE DAY and MR. JUSTICE HODGES not participating.

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.