Opinion by
MR. JUSTICE LEE.
Defendant-appellant, Arch Otwell, was found guilty by a jury in the district court of Mesa County, Colorado, of violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-10(2). We affirm the judgment of conviction.
The statute under which the defendant was convicted provides that every person who shall enter without breaking any motor vehicle, with the intent to commit the crime of theft and steal therefrom money, goods, or other valuable thing, shall be deemed guilty of a felony. The record of evidence fully supports the finding of guilt by the jury in this case, and defendant does not challenge the sufficiency of the evidence. He was literally caught “red-handed” in the act of stealing from the automobile of the complaining witness. His sole defense was that he was too intoxicated to be capable of *121 forming the specific intent to commit the crime of theft. This aspect of the case was fully presented to the jury and resolved against the defendant.
Reversal is urged for the following reasons: first, the court failed to properly instruct the jury concerning the elements of the crime and the defense of intoxication; and, second, the court failed to conduct an in camera hearing to determine the admissibility of extrajudicial statements attributed to the defendant.
As in Mathis v. People, 167 Colo. 504, 448 P.2d 633, from a consideration of all of the instructions, we find the jury was adequately instructed concerning the elements of the crime to be proved and the defense of intoxication, and we find no prejudicial error. The defendant did not object to any of the instructions concerning the matters of which he now complains. The alleged deficiencies were not pointed out to the court in defendant’s motion for new trial. Under these circumstances, we are not required to consider these specifications. Rodriguez v. People, 168 Colo. 190, 450 P.2d 645; Mathis v. People, supra; Henson v. People, 166 Colo. 177, 442 P.2d 406.
Although defendant recognizes the rule set forth above, he urges that the instructions were so erroneous as to constitute “plain error,” affecting the substantial rights of the defendant, and should be noticed by the Court under Crim. P. 52(b). We disagree with this contention and do not find that defendant’s rights were substantially prejudiced.
We have considered defendant’s second assignment of error and find it to be without merit.
The judgment is affirmed.
MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.