## No. 24886

**The People of the State of Colorado v. David Buckner, a/k/a Tobacco Buckner; Anthony Peace; and Richard Dale Swanson**

(504 P.2d 669)

Decided October 30, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Special Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave, III, Deputy, Kenneth J. Russell, Deputy, for defendants-appellants.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendants below, David Buckner, Anthony Peace, and Richard Dale Swanson, appeal from their conviction for second-degree arson and conspiracy to commit the same, in violation of C.R.S. 1963, 40-3-2 and C.R.S. 1963, 40-7-35. They will hereinafter be referred to as appellants.

With regard to the substantive offense, the People originally charged all appellants with willfully setting fire to a building. One week before trial, the People were granted leave to amend the information by adding to the charge the allegation that the appellants had ". . . aided, counseled, and procured the burning . . . ."

Appellants here contend that several errors compel reversal of their convictions: (1) the trial court erroneously refused to grant appellants' motions for continuance after granting the People leave to amend the information and to endorse five additional witnesses; (2) the trial court failed to rearraign the appellants and allow them to plead to the amended information; (3) the trial court erroneously sustained the district attorney's objection to defense counsel's question upon voir dire to a prospective juror; (4) the trial court erroneously overruled appellants' challenge of another prospective juror for cause; (5) the first paragraph of Jury Instruction 7 inaccurately described the crime of conspiracy; and (6) Instruction 7, in combination with Instructions 1 and 8, violated appellants' rights not to be placed twice in jeopardy for the same offense. We do not regard these arguments as meritorious and affirm the judgment of the district court.

I.

The appellants contend that the trial court's denial of their continuance motions denied them a fair trial in violation of Colo. Const. art. II, § 16 and U. S. Const. Amend. VI and XIV.

Clearly, the propriety of continuance motions is within the sound discretion of the trial court and will not be disturbed on appeal unless that discretion is abused. *Lofton v. People,* 168 Colo. 131, 450 P.2d 638; *Claxton v. People,* 164 Colo. 283, 290, 434 P.2d 407. The record reveals no abuse of discretion here, certainly none of constitutional

proportions.

■ The record reveals that, in fact, counsel knew of the proposed amendment some two weeks before trial. As a matter of fact, the trial was reset so as to grant an additional week's continuance after the court had permitted the amendment. The record shows no support for the appellants' contention that they were in any way prejudiced by the denial of an additional continuance. In fact, the amendment added nothing substantial to the original charge, since, in Colorado, one who aids and abets or advises or encourages is deemed and considered a principal, and may be charged as a principal. *Martinez v. People,* 166 Colo. 524, 444 P.2d 641, *Schreiner v. People,* 146 Colo. 19, 360 P.2d 443; *Mulligan v. People,* 68 Colo. 17, 189 P. 5.

■ With regard to the denial of the continuance motion in response to the endorsement of five additional witnesses for the People, we find no reversible error. The allowance of late endorsements of witnesses lies within the discretionary power of the trial court and rulings therein will be upset only for a clear abuse of discretion. *Corbett v. People,* 153 Colo. 457, 387 P.2d 409. It is again apparent that appellants were apprised of the names of the witnesses some two weeks before the trial and had ample opportunity to interview them. In any event, only two of the five witnesses who were endorsed late testified, and then, only to authenticate or identify pieces of tangible evidence admitted without objection. Under the circumstances, we find no abuse of discretion. *See Stoudt v. People,* 156 Colo. 568, 400 P.2d 670.

## II.

■ Appellants argue that the trial court's denial of their motion to dismiss for failure to rearraign on the amended information is reversible error. We do not agree. As we have pointed out above, the amendment was not one of substance. But, in any event, when counsel called the court's attention to the supposed defect, during the course of the trial, the trial court followed the provision of Crim. P. 11(e) and entered a plea of not guilty and thereupon the trial proceeded. We find no error.

### III.

Appellants present two arguments with regard to voir dire examination which they contend require reversal.

First, it is maintained that the trial court's refusal to permit one particular question during voir dire of one juror constituted reversible error.

■ In Colorado matters pertaining to the propriety of questions to potential jurors on voir dire are within the discretion of the trial court, and its ruling thereon will not be disturbed on appeal unless an abuse of that discretion is shown. *Washington v. People,* 169 Colo. 323, 328 455 P.2d 656; *Routa v. People,* 117 Colo. 546, 192 P.2d 436; *Bonfils v. Hays,* 70 Colo. 336, 201 P. 677. Here, the record reveals no abuse of discretion.

■ The appellants contend that this ruling restricted proper examination of other jurors. The extent of any limitation was to one specific question regarding racial prejudice, and did not extend to other proper questions propounded to the juror in question or future prospective jurors. In fact, as the record discloses, appellants' attorney repeatedly asked prospective jurors, subsequent to the examination in question, if the fact that appellants were negroes would influence them. *See Raullerson v. People,* 157 Colo. 462, 404 P.2d 149.

■ Second, appellants argue the trial court abused its discretion by refusing to excuse another prospective juror for cause, even though he had initially indicated to defense counsel he had a previously formed opinion as to the guilt of defendants. However, upon challenge by defense counsel, the trial court inquired of the juror, and after assurances that he could be fair and impartial and decide the case with an open mind, the court refused to excuse him for cause.

■ It is settled in Colorado that no person shall be disqualified to serve as a juror by reason of a previously formed or expressed opinion concerning the guilt or innocence of a defendant, provided the trial court is satisfied, from an independent examination of the prospective juror, that he will render an impartial verdict. C.R.S. 1963, 78-5-3,

and Crim. P. 24(a)(2)(vi).

### IV.

■ Appellants argue that certain of the instructions given were erroneous. Appellants failed to raise any objection to these instructions at trial, offered no alternative instructions, and then failed to raise the issue in their motion for a new trial. Under such circumstances, this Court will not ordinarily review the assignment of error. Crim. P. 30.

■ Our analysis of the instructions as given in this case in their entirety convinces us that this is not a case for the application of the "plain error" doctrine announced in Crim. P. 52(b). *People v. Otwell,* 179 Colo. 119, 498 P.2d 956; *Morehead v. People,* 167 Colo. 287, 447 P.2d 215.

The judgment of the trial court is affirmed.