### No. 25571

### The People of the State of Colorado v. Orville E. Flanders
(516 P.2d 418)

Decided December 3, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Defendant-appellant, Orville E. Flanders, was convicted by a jury of attempted burglary of a coin telephone contrary to 1967 Perm. Supp., C.R.S. 1963, 40-3-5(3)(a) and C.R.S. 1963, 40-25-1. We affirm.

The uncontroverted evidence presented by the People at trial showed that defendant was apprehended inside a telephone booth while in possession of a hammer and a pry bar. There was debris on the floor of the booth, and the pay telephone therein was damaged to such an extent that it was necessary to replace it with a new instrument. The coin box of the damaged phone was found to contain $2.10.

Defendant's theory of the case was that although he had attempted to break into the coin box of the pay telephone, he did not form the intent to do so until after he had entered the telephone booth. Thus, defendant's attorney argued to the jury that he was guilty of attempted theft of $2.10, not burglary.

Defendant does not contend that the jury was not adequately instructed on his theory of the case. He submits that he was denied a fair trial because defense counsel was not permitted to draw a distinction between felony theft and misdemeanor theft in his closing argument to the jury. Prior to closing arguments, the trial court had refused defendant's tendered instruction which defined misdemeanor and felony theft. The trial court refused to permit this distinction to be made in closing argument, because to do so would be to allow defendant to do indirectly what the court refused to permit to be done directly.

We find no error in this ruling. The degree of theft was not

material to the charge of attempted burglary. Both the instructions given by the trial court and defense counsel's final argument to the jury fairly and adequately presented defendant's theory of the case to the jury. The jury then resolved the disputed factual issue against the defendant.

It is interesting to note that defendant did not seek to have an attempted theft verdict submitted to the jury. Under defendant's theory of the case, the jury had to decide whether defendant was guilty of the crime he admitted, attempted theft, and accordingly acquit him, or whether he had committed the crime of attempted burglary as charged. Defendant thus sought to avoid criminal liability by admitting an offense for which he was not charged.

Defendant's final argument is that the information was defective, because it did not affirmatively aver that the defendant entered the phone booth. It is well settled that an information is sufficient if it informs the defendant of the charges against him so as to enable him to prepare a defense and plead the judgment in bar of any further prosecutions for the same offense. *People v. Mazza,* 182 Colo. 166, 511 P.2d 885 (1973); *Loggins v. People,* 178 Colo. 439, 498 P.2d 1146 (1972); *Gallegos v. People,* 166 Colo. 409, 444 P.2d 267 (1968). Measured by this standard, we hold that the information was sufficient.

The judgment is affirmed.