MR. JUSTICE GROVES
delivered the opinion of the Court.
The defendant was convicted of felony theft of rental property. We reverse and direct the trial court to grant defendant’s motion for acquittal on the grounds of insufficiency of the evidence.
The defendant was charged with a class 4 felony under the statute which reads:
“A person commits theft of rental property if he . . . [h]aving lawfully obtained possession for temporary use of the personal property of another which is available only for hire, intentionally fails to reveal the whereabouts of or to return said property to the owner thereof or his representative or to the person from whom he has received it within seventy-two hours after the time at which he agreed to return it.” Section 18-4-402(1 )(b), C.R.S. 1973. (See 1976 Supp. as to penalty amendment.)
The property involved was a refrigerated semitrailer, which was leased by the lessor to the defendant. Only three witnesses testified: the lessor, the lessor’s attorney and the defendant. We relate the evidence which is in conflict in the light most favorable to the People.
The lessor and lessee entered into a lease, dated April 1, 1975, for a term commencing at that time and ending on October 15, 1975. The rental was to be eight cents for each mile traveled by the trailer and was to be paid at least every six weeks. The defendant took possession of the trailer at the time the lease commenced, which was the last occasion the lessor saw it.
It is noteworthy (although the matter is not mentioned by either of the parties) that, while the lease provides for default by reason of nonpayment of rental, insolvency of the lessee or subjection of the trailer to levy, it contains no provision prescribing any method of termination.
*177 The facts contained in this paragraph are from the testimony of the lessor. The lessor telephoned the defendant on June 16, 1975. The defendant told the lessor that he had not sent any rental as he had been obliged to pay for extensive repair work on the trailer; that it was still in need of repairs; and that he was going to have to go into bankruptcy. The defendant also told the lessor that Andy Metcalf of San Diego, California had performed the repairs on the trailer and gave the lessor Metcalfs telephone number. About two months later the lessor went to San Diego and talked to Mr. Metcalfs wife. She advised him that one Ridenour had taken possession of the trailer. He then went to Ridenour’s home and talked to Ridenour’s wife.
No testimony was admitted as- to statements made by Ridenour’s wife.
The facts contained in this paragraph are from the testimony of the lessor’s attorney. The attorney contacted the defendant by telephone about the middle of June, 1975, and requested that defendant return the trailer or pay the rental to date. The defendant told him that he was having financial difficulties and could not do so. The defendant suggested that he contact Andy Metcalf, who was doing business as M & M Trucking in San Diego. The attorney contacted Andy Metcalf and entered into negotiations as to a lease of the trailer. The attorney prepared a lease wherein Andy Metcalf, d/b/a M & M Trucking, was the lessee. The lease was dated August 26, 1975 and was for a term commencing September 1, 1975 and ending October 31, 1975. He transmitted the lease to Metcalf, whose lawyer later returned it unsigned, with the statement that Metcalf did not care to enter into it. The attorney never received any rentals from the defendant.
There was no other testimony as to rentals.
The foregoing recitation describes all of the testimony which might tend to establish that the defendant intentionally failed to reveal the whereabouts of the trailer or intentionally failed to return it within 72 hours after the time at which he agreed to return it. The evidence of the People, as well as the testimony of the defendant, shows without conflict that the defendant was unable financially to return the trailer.
In addition to intentionally failing to reveal the whereabouts of the property, the information charged the defendant with feloniously, unlawfully and intentionally failing to return the trailer within seventy-two hours of the time agreed. The information did not state the time at which the defendant agreed to return the trailer. The only evidence in the record on this point is that the term of the lease between lessor and defendant ended on October 15, 1975. The only evidence in the record concerning return of the trailer by the defendant is the already related testimony of the lessor and his attorney as to conversations with the defendant which took place in June 1975.
*178 The evidence did not establish that the defendant intentionally failed to reveal the whereabouts of the property. There was no proof that defendant intentionally failed to return the property within 72 hours after the end of the term of the lease, October 15, 1975. The evidence rises to no higher level than suspicion, surmise or conjecture. This is not sufficient under the terms of the statute and the substance of our system of jurisprudence. Stull v. People, 140 Colo. 278, 344 P.2d 455 (1959); Goodell v. People, 137 Colo. 507, 327 P.2d 279 (1958); Lowe v. People, 135 Colo. 209, 309 P.2d 601 (1957); and People v. Urso, 129 Colo. 292, 269 P.2d 709 (1954). See section 18-1-402, C.R.S. 1973.
We accepted jurisdiction of this appeal by reason of a challenge to the constitutionality of the statute. Under our disposition of the matter, we do not reach the constitutional question.
Judgment reversed and cause remanded with directions to grant defendant’s motion for judgment of acquittal.
MR. JUSTICE ERICKSON concurs in the result.
MR. CHIEF JUSTICE PRINGLE dissents.
MR. JUSTICE KELLEY does not participate.