**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**John Taylor MOODY, Defendant-Appellee.**

No. 82SA515.

Supreme Court of Colorado, En Banc.

Jan. 9, 1984.

---

Paul Q. Beacom, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Kathryn J. Aragon, Deputy Dist. Atty., Brighton, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Dorian E. Welch, Deputy State Public Defender, Denver, for defendant-appellee.

KIRSHBAUM, Justice.

The People, pursuant to section 16–12–102, C.R.S.1973 (1978 Repl.Vol. 8),[1] have filed this direct appeal from the trial court's judgment dismissing a criminal information filed against defendant, John Taylor Moody. We affirm.

At the conclusion of the prosecution's case-in-chief defendant moved for a judgment of acquittal, asserting that the evidence failed to establish the offense charged in the information. The prosecution then moved to amend the information, pursuant to Crim.P. 7(e).[2] The trial court

---

1. Section 16–12–102 states as follows:
   "The prosecution may appeal any decision of the trial court in a criminal case upon any question of law."

2. Crim.P. 7(e) states as follows:

"The court may permit an information to be amended as to form or substance at any time prior to trial; the court may permit it to be amended as to form at any time before the verdict or finding if no additional or different

denied the prosecution's motion and granted defendant's motion.

## I.

Defendant was charged with a violation of section 18–4–402(1)(b), C.R.S.1973 (1978 Repl.Vol. 8), which states in pertinent part:

"(1) A person commits theft of rental property if he:

. . . .

(b) Having lawfully obtained possession for temporary use of the personal property of another which is available only for hire knowingly fails to reveal the whereabouts of or to return said property to the owner thereof or his representative or to the person from whom he has received it *within seventy-two hours after the time at which he agreed to return it.*" (emphasis added)

The information contains the following allegations:

"Between January 4, 1982 to the 6th day of January A.D. 1982, at the . . . County of Adams in the State of Colorado [defendant] having lawfully obtained possession for temporary use of semi-trailer, serial # 68463, the personal property of the victim, American Storage [Trailer] Leasing, which property was available only for hire, did feloniously, unlawfully and knowingly fail to reveal the whereabouts of and return said property to said victim and his representative and to the person from whom the defendant had agreed to return the property. . . . "

In its opening brief the People have conceded that the information as filed informed the defendant that the dates of the offense charged were between January 4 and January 6, 1982. The People's evidence established that the contract in question was executed on January 4, 1982, and that, pursuant to its express terms, the semi-trailer was to be returned by midnight on January 6, 1982. The owner of the rental

agency testified that on or about January 8 defendant telephoned him from New Mexico, disclosed where he was calling from, and indicated he would not be coming directly back to Colorado. The owner also testified that defendant at some later time spoke with another employee of the agency by telephone about the vehicle. Defendant never returned the semi-trailer to the agency, although the agency regained possession of the vehicle in May of 1982.

Section 18–4–402(1)(b) proscribes only conduct which occurs after the expiration of the rental period specified in a rental agreement. Moreover, conduct by a lessee who fails to return property as agreed which occurs within seventy-two hours of such expiration date may relieve the lessee from liability. Thus, the particular time at or during which allegedly criminal conduct by a lessee occurs is an essential element of the offense defined by this statute, to be proved by the prosecution beyond a reasonable doubt. *See People v. Donelson,* 194 Colo. 175, 570 P.2d 542 (1977). The gist of the offense is the failure to perform certain acts within seventy-two hours of a particular date. In prosecutions commenced under section 18–4–402(1)(b), allegations of time are, therefore, substantive allegations—not, as the People contend, mere matters of form which may be altered by amendment at any time prior to the rendering of a verdict in the absence of prejudice to the defendant. Crim.P. 7(e).

Two distinct acts are prohibited by section 18–4–402(1)(b): failure to reveal the location of property and failure to return property. The information alleged that defendant committed both such acts. The owner of the leasing agency testified, however, that defendant had in fact revealed the location of the semi-trailer to the leasing company on or about January 8, 1982. Thus, the date of the alleged offense was particularly critical in this case.[3] In these

---

offense is charged and if substantial rights of the defendant are not prejudiced."

**3.** In moving to amend the information at trial, the People recognized that the information

charged that the offense was committed between January 4 and 6, 1982, and that the prosecution's evidence had established that any conduct committed by defendant which might

circumstances, the trial court did not abuse its discretion in denying the People's motion to amend the information—especially as the motion was not made until *after* defendant had moved for judgment of acquittal.

## II.

■ The People also contend that the trial court erred in granting defendant's motion for judgment of acquittal. The People assert that any variance between the evidence and the allegations of the information was immaterial and of no prejudice to defendant. We have indicated that in prosecutions commenced under this statute, allegations of time are substantive allegations, not merely matters of form. The record supports the trial court's conclusion that the evidence did not establish that an offense occurred between January 4 and January 6, 1982, as alleged. Under these circumstances, the trial court did not err in granting defendant's motion.

The judgment is affirmed.

LOHR, Justice, dissenting:

In this appeal of a question of law by the prosecution after jeopardy has attached,[1] there are two issues presented: whether an information that charges the defendant with failing to reveal the whereabouts of and return rental property is sufficient under the felony theft of rental property statute,[2] and whether if it is insufficient the trial court may properly deny a motion before the verdict to amend it by specifying the date on which criminal liability arose, in conformance with the evidence presented by the prosecution. The majority holds that the information is insufficient because

it appears to allege that the criminal conduct took place during a period when the defendant lawfully possessed the rental property. It further holds that the trial court did not err in granting the defendant's motion for judgment of acquittal, and that the court properly exercised its discretion in refusing to permit amendment of the information. Because I disagree with each of these conclusions, I respectfully dissent.

## I.

Before the defendant's motion for judgment of acquittal, the evidence presented by the prosecution established that the defendant contracted in Dupont, Colorado, to rent a forty-foot semi-tractor trailer worth $4,000 from January 4, 1982, to January 6, 1982, that he agreed to pick it up on the former date and return it on the latter date, that he in fact picked it up on the former date, that he did not return it on the latter date, that he never returned it to the owner, that he never revealed the whereabouts of the trailer to the owner except in a telephone call from New Mexico one or two days after the return date,[3] and that the trailer was recovered by the owner from a truck stop in Los Angeles on May 18, 1982.

On March 9, 1982, *before* the trailer was recovered, the district attorney charged the defendant with theft of rental property. The information identified the defendant and the victim, and described the stolen property as a "semi-trailer, serial # 68463 ... of a value of Two Hundred Dollars or more." The information also lists the rental agreement period dates, January 4, 1982, and January 6, 1982. The trial court be-

---

have constituted a violation of section 18–4–402(1)(b) occurred after January 6, 1982.

1. The prosecution may appeal any decision of the trial court in a criminal case upon any question of law, even though the defendant cannot be placed in jeopardy a second time for the same offense. Section 16–12–102, C.R.S. 1973 (1978 Repl.Vol. 8); C.A.R. 4(b); *cf. People v. Samora,* 188 Colo. 74, 532 P.2d 946 (1975) (such appeals should be avoided in cases that do not involve egregious error by the trial court).

2. Section 18–4–402, C.R.S.1973 (1978 Repl.Vol. 8).

3. The leasing company received five or six other telephone calls from the defendant's wife, who claimed she was with him, and one additional call from the defendant. There is no evidence with respect to the content of the wife's calls, and no information regarding the trailer was conveyed in the additional call from the defendant.

lieved that these dates referred to the period when the defendant allegedly "did feloniously, unlawfully and knowingly fail to reveal the whereabouts of and return said property to said victim ...." I believe that these dates are properly construed to refer to the period when the defendant "lawfully obtained possession for temporary use of semi-trailer, serial # 68463," as the evidence shows. This was an ongoing crime; when the information was filed the defendant allegedly still had "fail[ed] to reveal the whereabouts of and return said property."

As the majority notes, under the theft of rental property statute the prosecution must prove that the defendant failed to reveal the whereabouts of or return the rental property within seventy-two hours after the time at which he agreed to return it. On the facts of this case, that would be January 9, 1982. As I interpret the information, the defendant was charged with failing to reveal the whereabouts of or return the rental property through March 9, 1982, the date when the information was filed. This includes failing to do so after January 9, 1982.

The information is somewhat ambiguous, and it must be noted that the defendant has the right to demand the nature and cause of the accusation. *Colo. Const.* Art. II, §§ 16, 25. This right is embodied in the requirements of Crim.P. 7(b)(2). Specifically, the offense must be set forth with such a degree of certainty that the court may pronounce judgment upon a conviction. Crim.P. 7(b)(2)(IV); section 16–5–202(1)(d), C.R.S.1973 (1978 Repl.Vol. 8).

Our decisions elaborating on what is required to render an information technically sufficient and correct make it clear that the information in this case was sufficient. Generally, an information must answer the questions of who, what, where and how. *See People v. Tucker,* 631 P.2d 162 (Colo. 1981) (considering challenge to indictment). This information did so. It must be sufficient to advise the accused of the charges against him, give him a fair and adequate opportunity to prepare his defense, ensure

that he is not taken by surprise by the evidence offered at trial, and allow him to plead the judgment to bar further prosecutions for the same offense. *People v. Cooke,* 186 Colo. 44, 525 P.2d 426 (1974); *People v. Flanders,* 183 Colo. 268, 516 P.2d 418 (1973). This information did so. There is *no* requirement that every element of the offense be alleged in the information. *People v. Ingersoll,* 181 Colo. 1, 506 P.2d 364 (1973). Specifically, we have held on many occasions that a variance between the date of the offense as alleged in the information and as proven at trial is *not* fatal where the defendant makes no showing of prejudice. *E.g., People v. Adler,* 629 P.2d 569 (Colo. 1981); *Marn v. People,* 175 Colo. 242, 486 P.2d 424 (1971); *Albritton v. People,* 157 Colo. 518, 403 P.2d 772 (1965); *Laycock v. People,* 66 Colo. 441, 182 P. 880 (1919). If the defendant must show prejudice when the date in the information is incorrect, then clearly he must show prejudice when the date is ambiguous, as here. *People v. Donelson,* 194 Colo. 175, 570 P.2d 542 (1977), cited by the majority as contrary, is distinguishable. That case concerned sufficiency of the evidence, not the information; there was no evidence that the defendant there *intentionally* had not returned the rental property before the rental period expired. Where a criminal scheme is ongoing, as this one was, we have held that a defendant charged with committing a crime on a date within the period of the statute of limitations may be convicted if the evidence shows that the crime occurred at any time within that period. *Peters v. People,* 151 Colo. 35, 376 P.2d 170 (1962).

There was no showing that the defendant was prejudiced by the alleged ambiguity in the information. The prosecution's evidence established that the defendant failed to return the trailer or inform the victim of its whereabouts within 72 hours after the return time specified in the rental agreement. The defendant does not allege that he was denied access to this evidence in discovery or at the pretrial conference. Indeed, he did not even raise the issue of any ambiguity in the information until long after it was issued, after jeopardy had at-

tached and the state had rested its case in a jury trial. If the defendant is aware of a defect in the charge before trial, this reflects on whether he is prejudiced by it. *See People v. Buckner,* 180 Colo. 65, 504 P.2d 669 (1972). Without prejudice, it was an error of law to rule the alleged ambiguity fatal to the prosecution's case.

## II.

Assuming, for the sake of argument, that the information was technically inaccurate, if the defendant was not prejudiced thereby then the trial court should have permitted amendment of the information. *See People v. Buckner, supra.* This is specifically provided for in Crim.P. 7(e), which allows amendment "as to form" at any time before the verdict "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The district attorney suggested amendment of the information when the issue arose. The amendment would have been an elaboration of the original charge, not a different charge. By refusing to permit amendment of the information before the verdict contrary to the specific standards set forth in Crim.P. 7(e), the trial court abused its discretion. *People v. Hertz,* 196 Colo. 259, 586 P.2d 5 (1978). This court has expressly adopted a liberal policy regarding amendment of charging documents to avoid dismissal for technical irregularities that can be cured, so that substance prevails over form. *Id.; People v. Bowen,* 658 P.2d 269 (Colo.1983).

## III.

The legislature has prescribed recommended forms of indictments and informations to be deemed technically sufficient. Sections 16–5–201 and –202, C.R.S.1973 (1978 Repl.Vol. 8). Moreover, section 16–202, C.R.S.1973 (1978 Repl.Vol. 8) provides that "[n]o ... information ... shall be deemed insufficient, nor shall the trial, judgment, or other proceedings thereon be reversed or affected by any defect which does not tend to prejudice the substantial rights of the defendant on the merits." The legislature adopted these statutes to remove from consideration technical rules of pleading that were long the bane of criminal procedure at common law and the occasion of many miscarriages of justice in former times. *Helser v. People,* 100 Colo. 371, 68 P.2d 543 (1937). Without denigrating the right of the defendant to understand the nature of the accusation against him, this is a concern that I share. We should not encourage subtleties and hypertechnical refinements in the construction of informations, *Sweek v. People,* 85 Colo. 479, 277 P. 1 (1929), that bear no relationship to the constitutional and statutory purposes that informations are meant to serve. To do so permits a defendant who is adequately advised of the charges against him to withhold his objection until jeopardy has attached and thereby thwart achievement of the legitimate purposes of the criminal justice system.[4]

DUBOFSKY and ROVIRA, JJ., join in this dissent.

---

**4.** A defect in the information that is not jurisdictional may be raised only by motion. Crim.P. 12(b)(2). Such a motion generally shall be made before the plea is entered. Crim.P. 12(b)(3). The defendant can also move for a bill of particulars, generally within ten days after arraignment. Crim.P. 7(g). Failure to assert timely objection to the form of the charging document constitutes waiver of the objection, because unless enforcement of procedural requirements is essential to shield substantive rights, litigation should be determined on the merits. *People v. Dickinson,* 197 Colo. 338, 592 P.2d 807 (1979). When a defendant alleges a defect in the information in a motion for judgment of acquittal and makes no showing of prejudice, amending the information is the appropriate remedy.